# CHAMBERS v. BUROUGHS.

CONTRACTS; PUBLIC POLICY; EQUITY; CRIMINAL LAW; PARTIES IN PARI DELICTO.

1. A promise to dismiss a pending criminal prosecution is against public policy and void, and therefore equity will enjoin the execution of a judgment rendered on a confession of judgment executed by the judgment debtor in consideration of the dismissal of a pending criminal prosecution against her brother.

2. The old distinction between felonies and misdemeanors at the common law is practically impossible of definition. What is denounced as an infamous crime is practically a felony in its consequence, although it may be called a misdemeanor by statute.

3. Confinement in the penitentiary is the test of an infamous crime.

4. A misdemeanor punishable by confinement in the state's prison is not within the comprehension of sec. 1024, Purdon's Digest of the Laws of Pennsylvania, which permits a magistrate in his discretion to discharge an accused indicted for an assault and battery, or other misdemeanor, to the injury and damage of the party complaining, and not charged to have been done with the intent to commit a felony,

---

Note.—On what is an infamous crime, see note in 17 L.R.A. 764.

On effect of agreement to stifle prosecution upon contract to pay existing indebtedness or the value of property or money feloniously obtained, see note in 16 L.R.A. (N.S.) 971.

or not being an infamous crime and for which there also shall be a remedy by action, if the party complaining shall appear and acknowledge to have received satisfaction for such injury and damage.

5. One seeking relief in equity against an agreement executed in consideration of the dismissal of a criminal prosecution cannot be said to be *in pari delicto* with the party against whom the relief is sought, where the agreement is executory, and is also void as against public policy.

No. 2824.   Submitted November 2, 1915.   Decided November 29, 1915.

HEARING on an appeal by the plaintiff from a decree of the Supreme Court of the District of Columbia, sitting as an equity court, to enjoin execution upon a judgment.          *Reversed.*

The COURT in the opinion stated the facts as follows:

This is a bill filed by Florence L. Chambers against John M. Buroughs and William Eisenbrown to enjoin execution upon a judgment of the supreme court of the District of Columbia rendered January 27, 1913, in favor of Buroughs as plaintiff, and which is now claimed by Eisenbrown, for $1,700.

The bill alleges that plaintiff is an unmarried woman seised and possessed of certain described real estate in the city of Washington, District of Columbia; that she was never indebted to said John M. Buroughs in the sum of $1,700, but confessed judgment for said sum because shortly before said confession was obtained said Buroughs informed the plaintiff that her brother, William H. Chambers, had been arrested upon a warrant issued by the authorities in Philadelphia, Pennsylvania, charging said plaintiff's brother with embezzlement of funds of said John M. Buroughs; and further informed plaintiff that the criminal prosecution was pending, but that it would be quieted up if $1,700 were paid to said Buroughs. Plaintiff was further informed by said Buroughs that he required security for said sum of $1,700, but also informed her that, provided said security was given, he would accept $480 each year until said full sum was paid. Plaintiff was almost distracted by the information of the crime, and by the threat that, unless security

for said $1,700 was given, the alleged criminal prosecution would be pressed against him, and, under and because of the insistence and coercion of said John M. Buroughs, said plaintiff signed the confession of judgment. The said coercion was accentuated by the fact that, just previously to said plaintiff's signing said confession of judgment, a sister of plaintiff, who was also a sister of said William H. Chambers, became completely unnerved and distracted by reason of the threatened pressing of said criminal charge, and plaintiff feared for the life of said sister. Plaintiff, believing that if she should seek to obtain relief, the criminal charge against her said brother would be immediately pressed by said Buroughs, therefore concluded that all she could do would be to pay $480 every year on the judgment until it should be paid. She made arrangements to pay the first $480 on the 27th of January, 1914, in accordance with her understanding and agreement with said Buroughs, but shortly before said date she received a letter, dated January 23, 1914, signed "William Eisenbrown, Attorney," written on a letterheading entitled, "Magistrates' Office," and showing said Eisenbrown to be a magistrate in Philadelphia, Pennsylvania, stating that the matter would be pressed further unless the whole amount claimed by Buroughs should be paid without delay. Plaintiff was taken completely by surprise upon thus learning that said Buroughs would require the full $1,700 to be paid at once, instead of the $480 each year, as agreed. When she learned that Buroughs would require the full amount of said judgment, in disregard of his previous agreement to accept $480 each year, she consulted an attorney, who advised her that, in his opinion, the court would relieve her of the whole judgment because of the facts and circumstances under which it was obtained.

The suit was filed against her, and she accepted service and confessed judgment thereon on the 27th day of January, 1913, for $1,700, which judgment has been entered upon the judgment lien docket of said court as a judgment lien in favor of said Buroughs, and still remains recorded as an apparent lien against the real estate of plaintiff in the District of Columbia.

She prays that defendants and their agents and attorneys may be restrained and enjoined from enforcing in anywise the aforesaid judgment, and be compelled to release the same of record in said cause; that plaintiff's title to the hereinbefore described real estate be declared and decreed to be free from the cloud of any lien by reason of said judgment, and for further relief.

Plaintiff introduced testimony tending to show the truth of the allegations of her bill, it appearing therefrom that her brother had been arrested and taken to Philadelphia upon a charge of embezzlement; that he had been imprisoned and released by Eisenbrown going his bail for $1,000.

The court found as a matter of fact that the plaintiff knew of her brother's arrest before calling upon the attorney of defendant, and had been to Philadelphia and interviewed the defendant Buroughs for the purpose of ascertaining what settlement of his claim and charge against her brother could be effected; that she made two more visits to him before confessing judgment. These three visits were made, the last on January 26, 1913. The following day, January 27, she confessed judgment, and on January 28th, 1913, the criminal proceedings against her brother were dismissed in Philadelphia. That the plaintiff confessed judgment in the belief that her brother was in danger of going to prison, and that during the time negotiations were proceeding for a settlement of the matter, she was in a highly nervous state and greatly worried; conditions produced in part by her brother's arrest and in part by her apprehensions of the possible result of that fact upon her sister. Further, that the criminal process against plaintiff's brother was invoked by the defendants, Buroughs and Eisenbrown, for the purpose of bringing about a settlement of Buroughs' claim against the brother, and said defendants knew or were bound to know that the criminal proceedings so instituted could not be successfully maintained in Philadelphia, as the offense charged therein was committed, if at all, in the District of Columbia.

The court found, however, that the plaintiff was *in pari delicto* with the defendants in an agreement to compound a criminal charge, which agreement, even if lawful in Pennsylvania,

was, and is, unlawful in the District of Columbia, and that as such agreement was made by the plaintiff voluntarily, and not as the result of any fraud, duress, or coercion practised or exercised upon her by the defendants, a court of equity would not give her the relief she seeks in this case. The court thereupon entered a decree dismissing the bill with costs.

*Mr. George E. Sullivan,* for the appellant, in his brief cited:

*Allore* v. *Jewell,* 94 U. S. 506; *Daniels* v. *Tearney,* 102 U. S. 415; *Davis* v. *Luster,* 64 Mo. 43; *Fountain* v. *Bigham,* 235 Pa. 35; *Graffam* v. *Burgess,* 117 U. S. 180; *Griswold* v. *Hazard,* 141 U. S. 260; *International Harvester Co.* v. *Voboril,* 187 Fed. 973; *Johnson* v. *Waters,* 111 U. S. 640; *Machine Co.* v. *Radcliffe,* 137 U. S. 287; *Metcalf* v. *Williams,* 104 U. S. 93; *Nebraska Mut. &c. Asso.* v. *Klee,* 70 Neb. 383; *Oscanyan* v. *Arms Co.* 103 U. S. 261; *O'Toole* v. *Lamson,* 41 App. D. C. 276; *Schultz* v. *Catlin,* 78 Wis. 611; *Sharon* v. *Gager,* 46 Conn. 189; *Smith* v. *Eichberg,* Law 56,063 Supreme Court D. C. (not reported); *Snyder* v. *Willey,* 33 Mich. 483; *St. Louis, &c., R. R.* v. *Terre Haute, &c. R. R.* 145 U. S. 393; *United States* v. *Throckmorton,* 98 U. S. 61.

*Mr. B. F. Leighton* and *Mr. Wharton E. Lester,* for the appellees, in their brief cited:

*Allison* v. *Hess,* 28 Iowa, 388; Am. & Eng. Enc. Law, 498; *Atwood* v. *Fisk,* 101 Mass. 363; *Beyer* v. *Le Fevre,* 186 U. S. 114; *Birchett* v. *Seale,* 36 App. D. C. 586; *Brown* v. *McCreight,* 187 Pa. 181; *Brown* v. *State,* 23 Tex. App. 214; *Campbell* v. *State,* 35 Ohio St. 70; *Capehart* v. *Rankin,* 3 W. Va. 571; 7 Enc. Pl. & Pr.; *Eyre* v. *Howard,* 15 How. 43; *French* v. *Shoemaker,* 81 U. S. 314; *Geier* v. *Shade,* 109 Pa. 180; *Gotwalt* v. *Neal,* 25 Md. 434; *Green* v. *Scrannage,* 19 Iowa, 461; *Guinn* v. *Ry.* 63 Or. 374; *Haynes* v. *Rudd,* 3 Cent. Rep. 449, 102 N. Y. 373; *Helsley* v. *Fultz,* 76 Va. 671; *Kirkpatrick* v. *Clark* (Ill.) 8 L.R.A. 511; *Lalone* v. *U. S.* 164 U. S. 255; *McDan-*

*iel* v. *Parrish,* 4 App. D. C. 213; *Madre* v. *Gaskins,* 39 App.
D. C. 19; *Magaw* v. *Huntley,* 36 App. D. C. 26; *Mutual Life* v.
*Phinney,* 178 U. S. 327; *O'Toole* v. *Lamson,* 41 App. D. C.
276; *Pierce* v. *Brown,* 7 Wall. 205; Parsons, Contr. 746; Pom.
Eq. Jur. 402; Purdon's Dig.; *Queen* v. *Rogers,* L. R. 3 Q. B.
Div. 28; *Ralston* v. *Turpin,* 129 U. S. 663; *Regina* v. *Murdock,*
8 Eng. Law & Eq. Rep. 577, 5 Cox, 360; *Regina* v. *Rogers,* 14
Cox, C. C. 22; *Rex* v. *Hobson,* 1 Russ. & R. Lead. Cas. 56;
*Rex* v. *Taylor,* 3 Bos. & P. 596, 2 Leach, 974, Russ. & R. 63;
*Rock* v. *Matthews,* 14 L.R.A. 509; *Rothermal* v. *Hughes,* 134
Pa. 510; *Sample* v. *Barnes,* 14 How. 70; *Security Co.* v. *Gar-
rett,* 3 App. D. C. 69; *Shattuck* v. *Watson,* 53 Ark. 147, 7
L.R.A. 551; *State* v. *Bailey,* 50 Ohio St. 636; *State* v. *Hengen,*
106 Iowa, 711; *State* v. *Small,* 26 Kan. 209; *St. Louis Co.* v.
*Mathers,* 71 Ill. 592; *St. Louis R. R.* v. *Terre Haute R. R.* 145
U. S. 407; *Towson* v. *Moore,* 11 App. D. C. 377; *Tucker* v.
*Moreland,* 10 Pet. 58; *Wilcox* v. *Daniels,* 15 R. I. 261; *William*
v. *Bayley,* 35 L. J. Ch. N. S. 717; 2 Wharton, Crim. Law.

Mr. Chief Justice SHEPARD delivered the opinion of the
Court:

It is immaterial to consider whether William H. Chambers
was in fact guilty of embezzlement of the money or property of
the plaintiff, and also whether the offense, if any, was com-
mitted in the state of Pennsylvania or the District of Columbia.

The evidence shows, and the court so finds, that there was a
pending prosecution of said Chambers at the time the plaintiff
entered into the agreement; that the agreement was that prose-
cution should be dismissed upon her executing a confession of
judgment.

This was sufficient to invalidate the confession.

A promise to dismiss a pending prosecution is against public
policy, and void. *Steuben County Bank* v. *Mathewson,* 5 Hill,
249–252; *International Harvester Co.* v. *Voboril,* 110 C. C. A.
311, 187 Fed. 973; *Schultz* v. *Catlin,* 78 Wis. 611, 47 N. W.
946; *Sharon* v. *Gager,* 46 Conn. 189; *Fountain* v. *Bigham,* 235

Pa. 35, 84 Atl. 131, Ann. Cas. 1913D, 1185; *Foley* v. *Greene,* 14 R. I. 618, 51 Am. Rep. 419.

It appears that by the law of Pennsylvania any person who shall convert to his own use goods or property intrusted to him for safe custody, with intent to defraud, shall be guilty of a misdemeanor.

Appellee relies on a section of the Pennsylvania statutes which provides that when a person shall, on complaint of another, be bound by recognizance to appear, or shall be indicted for an assault and battery or other misdemeanor, to the injury and damage of the party complaining, and not charged to have been done with intent to commit a felony, or not being an infamous crime, and for which there shall also be a remedy, by action, if the party complaining shall appear before the magistrate, or before the court in which the indictment shall be, and acknowledge to have received satisfaction for such injury and damage, it shall be lawful for the magistrate, in his discretion, to discharge the recognizance, which may have been taken for the appearance of the defendant, or, in case of committal, to discharge the prisoner and to order a *nolle prosequi* to be entered on the indictment, as the case may require.

The courts of Pennsylvania have sustained settlements of petty misdemeanors made under the aforesaid section of the law, and those authorities are relied on by appellee to sustain the transaction in this case.

It is true that it is provided that the offense of embezzlement under such circumstances as are shown in this case is made a misdemeanor, but no punishment is provided in that section of the Code.

Another provision of the Pennsylvania law, Purdon's Digest, page 1048, sec. 75, provides that when the punishment of a misdemeanor is not provided in the statute it may be by imprisonment for two years and a fine.

Passing by the question whether the contract is to be governed by Pennsylvania or District of Columbia law, and assuming that an offense had been committed, and that it was punishable in

Pennsylvania, it is clear, we think, that this contract to compound the offense does not come within the section 1024, Purdon's Digest, quoted before. It is apparent that it is limited to minor offenses as for assaults and batteries, and that any offense, the punishment for which constitutes it an infamous crime, is not provided for therein.

The old distinction between felonies and misdemeanors at the common law is practically impossible of definition. What is denounced as an infamous crime is practically a felony in its consequence, though it may be called a misdemeanor in the statute.

Confinement in the penitentiary is the test of an infamous crime. *Mackin* v. *United States,* 117 U. S. 348, 29 L. ed. 909, 6 Sup. Ct. Rep. 777.

We are of the opinion that a misdemeanor punishable by confinement in the state prison is not within the comprehension of section 1024, Purdon's Digest, before quoted.

Moreover, it is made a crime to compound certain offenses, including larceny. Purdon's Dig. p. 917, sec. 86.

This settlement was, therefore, in violation of the laws of Pennsylvania.

The court was in error in holding that the plaintiff was *in pari delicto* with the defendants, and, therefore, not entitled to relief.

In the first place, this was an executory agreement; therefore, not within the maxim.

In the second place, public policy makes it an exception.

It is to the interest of the public that any agreement tending to obstruct justice shall be declared void.

The decree is reversed, with costs, and the cause remanded with direction to enter a decree for the plaintiff in conformity with this opinion.                                    *Reversed.*

The Supreme Court of the United States denied an application by the appellees for the writ of certiorari, January 13, 1916.