## TURNER v. HENNING.

(Court of Appeals of District of Columbia. Submitted December 2, 1919. Decided January 5, 1920.)

### No. 3271.

1. CONTRACTS ⬤═295(1)—CONTRACTOR INTENTIONALLY DEFAULTING CANNOT INVOKE DOCTRINE OF SUBSTANTIAL PERFORMANCE.

In a mechanic's lien proceeding, plaintiff contractor, who intentionally failed to observe portions of the building specifications and repeatedly refused to remedy the defects, is not entitled to the benefit of the equitable doctrine of substantial performance.

2. DAMAGES ⬤═123—OWNER MAY DEDUCT ENTIRE COST OF COMPLYING WITH SPECIFICATIONS.

Where contractor intentionally fails to observe a portion of the building specifications, the owner may deduct the entire cost of making the building conform to specifications, and is not required to deduct merely the difference between value of the work as done and its value if it had been performed pursuant to the specifications.

Appeal from the Supreme Court of the District of Columbia.

Mechanic's lien proceeding by Watkins L. Turner against Samuel Carl Henning. Decree for plaintiff, and he appeals. Affirmed.

H. W. Wheatley, of Washington, D. C., for appellant.

Edmund Brady, of Washington, D. C., for appellee.

SMYTH, Chief Justice. [1] Turner instituted a suit against Henning to foreclose a mechanic's lien for $940, a balance said to be due on a contract with Henning for the construction of a dwelling house for the latter. From a decree deducting several items from his claim, and awarding him only $59, less the costs, Turner appeals.

The contract followed a form usually employed by building contractors. It provides that the sum agreed upon "shall be paid by the owner to the contractor in current funds, and only upon certificates of the architect."

Appellant alleged in his bill that he had completed the building in "strict and full accordance" with the contract, except in certain minor particulars consented to by the owner, and that "the architect arbitrarily, unreasonably, and without just cause declined to give a certificate." The owner in response denied that the contract had been performed according to its terms, and asserted that in many respects, detailed by him, the contractor failed and refused to do what was required of him, and prayed that the bill be dismissed.

The court deducted from the sum claimed by the appellant the cost of reconstructing the parts which it found were not in accordance with the contract. The testimony of the architect, supported by that of several other competent witnesses, satisfies us that the contractor intentionally failed in the respects mentioned in the decree. This is illustrated by the following instances: The specifications called for a concrete floor in the cellar, consisting of a one-inch topping with a three-inch base, making four inches in all. But the floor laid did not

have an inch topping and measured only from 1½ to 2½ inches in total thickness. Upon little pressure a pick punctured the surface. If the floor was constructed as the contract required, the pick "could not have made any more than just a slight impression, and sparks would have responded from the pick," said an architect of more than thirty years' experience. "The porch" of the building, testified the architect in charge, "was to be finished with a master builders' preparation for a red top, but when it was finished it lacked the coloring. It was mottled and a dull red, not the kind he expected. * * * There was a great deal of the black color on the west side under the covered portion. * * * and when completed it gave the appearance that lamp black or something else had been worked into it. It was very much disfigured." Appellant repeatedly refused to remedy these and the other defects.

Under this state of the proof he is not entitled to the benefit of the equitable doctrine of substantial performance. That doctrine—

"is intended for the protection and relief of those who have faithfully and honestly endeavored to perform their contracts in all material and substantial particulars, so that their right to compensation may not be forfeited by reason of mere technical, inadvertent, or unimportant omissions or defects. It is incumbent on him who invokes its protection to present a case in which there has been no willful omission or departure from the terms of his contract." Gillespie, etc., v. Wilson, 123 Pa. 19, 16 Atl. 36.

[2] Appellant urges that, if the work was defective, the owner should have been allowed only the difference between the value of it as done and the value of it if performed in accordance with the contract. Is this sound? The owner did not want a cellar floor, nor a porch such as we have described, and he should not be required to pay for them, but this is what would result if appellant's theory as to the measure of damages is followed. Appellant did not do the things for which appellee agreed to pay him, and he should not be permitted to thrust upon the latter things not substantially the same, but much inferior, even though he is willing to let him have them at a reduced price.

In our judgment the correct rule of damages in a case like the one before us is announced in Morgan v. Gamble, 230 Pa. 165, 79 Atl. 410, and Long v. Owen, 21 Idaho, 243, 121 Pac. 99, Ann. Cas. 1913D, 465. In the Morgan Case it is said that the contract provided:

"That Acme anti-rust paint should be used for the tin painting, but in direct violation of this provision of the agreement the plaintiff used Princess' metallic paint. He does not assign any reason for a change in the paint, but offered, and was permitted, to show on the trial that the paint he used was as good as that provided in the agreement. The defendants had a right to insist upon the substantial performance of these express stipulations of the contract, and the plaintiff was not relieved from this duty by reason of the fact * * * that the paint used by the plaintiff was of the same or a better quality than that provided in the agreement."

Further on, speaking of the action of the contractor in substituting an iron for a strong lead water pipe, the court said:

"Unless we hold that the contractor had the right to thus change the specific stipulation in the agreement, and use his own judgment instead of that of

the defendants as to the pipe to be laid, we must require him to pay to the defendants, not the difference between the iron and lead pipes, but the cost of laying a lead pipe as provided in the agreement. This is the proper measure of damages."

The Long Case involved the construction of a sidewalk, which was defective in some particulars, and also failed to meet the requirements of a city ordinance. The court said in reversing a judgment for the contractor:

"If upon a new trial the respondent [contractor] has not yet repaired or reconstructed the walk so as to meet the substantial requirements of the ordinance, there should be deducted from the contract price a sufficient sum to place the walk in condition that it will substantially comply with the specifications prescribed by the city authorities."

We think it proper, however, to add that in our judgment the cost should always be the equivalent of the prevailing market value of the things omitted.

At the bar it was argued that if the owner had removed the defective parts and replaced them according to the contract, he might be entitled to deduct the cost of the replacement; but, because he did not do so, but is keeping these parts and using them, he should pay their value. We cannot accede to this. Appellee, after appellant had refused to perform his contract, had his election either to use those parts or take them up and throw them away. Neither course would result in any benefit to the appellant; therefore, he could not be injured by appellee's taking the one course rather than the other. If the latter could return to the appellant the defective things, the rule might be otherwise (Mack v. Sloteman [C. C.] 21 Fed. 109; Watson v. Bigelow Co., 77 Conn. 124, 58 Atl. 741), but obviously he could not do so. To remove them would be to destroy them.

To enjoy the house for which appellee had paid nearly $8,000, he was compelled to use, more or less, the defective parts. This did not work an acceptance of them, since they were negligible as compared with the whole, and he had repeatedly said to the appellant that he would not accept them. Equity will not penalize him, in the circumstances, by compelling him to pay for that which he does not want.

Nothing we have said is in conflict with Mercantile Trust Co. v. Hensey, 27 App. D. C. 210. That was an action by the owner for damages because, as claimed, the contractor had not completed the buildings as required by his contract. The owner accepted the buildings and sued for the difference between their value as they were and their value if constructed as agreed. Of course, the measure of damages was the difference between the two values. This must be so in an action of that character. Moulton v. McOwen, 103 Mass. 587; White v. Brockway, 40 Mich. 209, cited by appellant. But it is otherwise where, as here, the plaintiff bottoms his suit on the assumption that he had fully performed his contract. Unless he establishes that, or at least a substantial performance, he must fail.

The law of damages, strictly speaking, has no relation to the issue. Appellant relied upon full performance. In this he failed. The rule adopted by the trial court substituted what the things omitted would

cost for the things themselves, and deducted the amount from the sum to which the appellant would otherwise be entitled under his contract. This is in accord with the decisions referred to, as well as with sound reason.

The lower court was right, and its decree is affirmed, with costs.

Affirmed.