No. 11,299.

UNION NATIONAL BANK OF GREELEY *v*. WRIGHT, ET. AL.

Decided May 24, 1926.  Rehearing denied June 28, 1926.

Action on promissory note.  Judgment for defendants.

*Affirmed.*

1.  BILLS AND NOTES—*Execution—Duress.*  Where a wife, 65 years old
    and in poor health, claimed she executed a note under duress of
    threat to send her husband, 80 years old, to the penitentiary, actual
    coercion of the wife and not probable coercion of an ordinary per-
    son, was the proper test.

2.  DURESS—*Waiver.*  Duress in executing a note may be waived either
    expressly or by accepting benefits or by failure to repudiate.

3.  *Waiver.*  In an action on a promissory note, the defense being
    execution under duress, the duress being shown and no removal of
    the duress which procured the execution of the original note appear-
    ing, the signing of a renewal note, under the facts disclosed, did not
    waive the duress, which was a continuing one.

*Error to the District Court of Weld County, Hon. Robert
G. Smith, Judge.*

Mr. I. S. SMITH, Mr. HARRY N. HAYNES, for plaintiff in
error.

Mr. THOMAS A. NIXON, for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

WE hereinafter refer to plaintiff in error as "the
bank," defendants in error as "the estate," Alice E.
Wright as "Mrs. Wright," and her husband, W. O.
Wright, as "Dr. Wright."

The bank held a note for some $2,000, signed by Mrs. Wright and Dr. Wright and their son, W. C. Wright, given for a debt of the latter. It was filed in the county court as a claim against the estate, contested and dismissed. On appeal to the district court the cause was tried to a jury and on its verdict against the bank judgment was entered. To review that judgment this writ is prosecuted.

Signature, consideration, and delivery, were undisputed. The defenses relied upon were duress, conditional delivery, and breach of contract by the bank. By its general verdict, as well as by its answers to special interrogatories, the jury held each of these defenses established by the evidence, but the first only need be considered here.

The duress alleged was the threat of the bank's representative to "send Dr. Wright to the penitentiary" in case Mrs. Wright refused to execute the note as demanded. The evidence, while somewhat conflicting, supports that defense, if the law, as applied to the facts, was correctly stated. Mrs. Wright was, at the time, sixty-five years old and in poor health. Dr. Wright was about eighty. By its instructions the court permitted the jury to consider these and other surrounding facts and circumstances bearing upon the condition of the parties, and the probable effect on Mrs. Wright of such a threat, making the test of duress actual coercion of Mrs. Wright instead of probable coercion of an ordinary person by the means used. Such is the law. 13 C. J. 402, 404; *Anthony & Cowell Co. v. Brown, et al.*, 214 Mass. 439, 101 N. E. 1056; *International Harvester Co. v. Voboril*, 187 Fed. 973, 110 C. C. A. 311.

But the bank contends that the defense was waived because when Mrs. Wright was asked for a renewal of the original note, which contained the clause "to be renewed from time to time till their farm is sold," she refused only on the ground that the renewal presented for her signature omitted that provision. Also because Mrs.

Wright took no steps to have her signature cancelled. True, the duress could be waived either expressly or by accepting benefits or by failure to repudiate. But there was here no express acceptance and no benefits taken, and, in the absence of any showing of the removal of the duress which produced the original execution of the note, we think there was no neglect to repudiate which could amount to waiver. If the threat to send Dr. Wright to the penitentiary led Mrs. Wright to sign, it was equally potent to induce her to renew or prevent her bringing an action to cancel. If it ever existed, which we must assume, it was a continuing duress. *Eureka Bank v. Bay, et al.*, 90 Kan. 506, 135 Pac. 584; *St. Louis & S. F. R. Co. v. Gorman*, 79 Kan. 643, 100 Pac. 647, 28 L. R. A. (N. S.) 637. The burden of showing its removal rested on the bank.

The judgment is affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE ADAMS concur.