## RUBIN v. DOUGLAS.

No. 607.

Municipal Court of Appeals for the
District of Columbia.

June 9, 1948.

Rehearing Denied June 22, 1948.

Rex K. Nelson and Lowell H. Ewing, both of Washington, D. C., for appellant.

Jacob L. Burch, of Washington, D. C., for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

Plaintiff sued to recover money which she had paid defendant under the following circumstances. Plaintiff, who suffered from arthritis, at the suggestion of a third person went to see defendant and informed him of her condition. Defendant who employed the title "professor", agreed to give plaintiff a series of treatments at a cost of $440. According to plaintiff defendant stated these treatments would cure her; according to him he told her he believed they would be of help to her. The treatments, consisting of massaging and rubbing in of an ointment, were given, and plaintiff paid $160 on account. She refused to pay the balance, and brought this action to recover that which had been paid. Defendant filed a counterclaim for the balance of $280. The trial court awarded plaintiff judgment on her claim and denied recovery on the counterclaim.

Plaintiff's claim for recovery is based on the contention that the treatments administered by defendant were in viola-

tion of the Healing Arts Practice Act.[1] This Act, with certain exceptions not here material, prohibits the practice of the healing art by anyone not licensed in accordance with the Act. Defendant was not so licensed. The definition given "the healing art" by the Act includes "relieving, correcting, or curing" or "attempting to prevent, relieve, correct, or cure any disease." The Act exempts from its provisions "the practice of massage * * * under the direction of a person licensed to practice the healing art"; but no contention is made here that the treatments given by defendant were under the direction of a person so licensed. We think it plain that the treatments by defendant, who was neither licensed nor acting under direction of a licensed person, were in violation of the Act, whether such treatements were given in an attempt to cure or to help plaintiff's arthritic condition. Indeed, the record shows that when on plaintiff's complaint the defendant was criminally charged with violation of the Act he pleaded guilty.

▬▬ Considering first the counterclaim of defendant for the balance of his agreed fee, it is clear that the trial court correctly ruled that no recovery could be allowed. "The general rule is that an illegal contract, made in violation of a statutory prohibition designed for police or regulatory purposes, is void and confers no right upon the wrongdoer." Hartman v. Lubar, 77 U.S.App.D.C. 95, 96, 133 F. 2d 44, 45, certiorari denied, 319 U.S. 767, 63 S.Ct. 1329, 87 L.Ed. 1716. Cf. Lloyd v. Johnson, 45 App.D.C. 322.

▬▬ With respect to plaintiff's claim for recovery of the sum paid by her, the defendant's contention is that if the contract was in violation of the statute, then no recovery can be had for money paid for illegal services which have been rendered. The rule contended for has been applied in many cases but is not of universal application. "It has long been the law that, where an action is founded upon an unlawful contract, the court will not interfere to relieve either of the parties thereto in an action against the other from the results thereof." Hunter v. Wheate, 53 App.D.C. 206, 208, 289 F. 604, 606, 31 A.L.R. 980, 982. However, if the parties are not in pari delicto, and one of them has not been guilty of serious moral turpitude, he may repudiate the contract and recover what he has paid under it. Restatement, Contracts, § 604. Cf. Chambers v. Buroughs, 44 App. D.C. 168, certiorari denied, 239 U.S. 649, 36 S.Ct. 284, 60 L.Ed. 485. And even though a party be considered technically in pari delicto he may be permitted to recover if the law in question was passed for his protection and it appears that the purposes of the law will be better effectuated by granting relief than by denying it. Costanzo Coal Min. Co. v. Weirton Steel Co., 4 Cir., 150 F.2d 929, certiorari denied, 326 U.S. 765, 66 S.Ct. 147, 90 L.Ed. 460; Ring v. Spina, 2 Cir., 148 F.2d 647, 160 A.L.R. 371; Restatement, Contracts, § 601.

▬▬ In the present case we do not consider plaintiff in pari delicto with defendant, but even if she were it is apparent that the law was passed for the protection of the public,[2] including plaintiff, and that the purposes of the Act will not be effectuated by permitting defendant to retain that which he ought not to have received. The public interests, in our opinion, are best served by requiring defendant to pay back the fruits of his illegal agreement.

Affirmed.

[1] 45 Stat. 1326, Act Feb. 27, 1929, Code 1940, § 2—101 et seq.

[2] According to Sen.Rep. No. 775, 70th Cong., 1st Sess. 1 (1928), the Act was to fill "the very great need for legislation to protect the people of the District from being preyed upon by ignorant, incompetent, untrained, conscienceless persons pretending to cure human ailments."