**LA COVEY**

v.

**DISTRICT OF COLUMBIA.**

No. 1510.

Municipal Court of Appeals for the District of Columbia.

Argued June 28, 1954.

Decided Aug. 16, 1954.

---

Ruffin A. Brantley, Washington, D. C., for appellant.

Hubert B. Pair, Asst. Corp. Counsel, Washington, D. C., with whom Vernon E. West, Corp. Counsel, Chester H. Gray, Principal Asst. Corp. Counsel, and Harry L. Walker, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

Appellant, a licensed master plumber in the District of Columbia, was convicted of extending the privileges and duties pertaining to his license to cover plumbing work done by other persons, in violation of § 301 of the District of Columbia plumbing code, which provides in part:

> "All plumbing work done under a license provided for herein shall be done by the master plumber so licensed and registered, or by a competent person employed by him and under his immediate personal supervision; and the privilege and duties pertaining to such a license shall not be loaned or extended to cover plumbing work done by any other person."

Appellant contends that his conviction was contrary to the evidence and the law. The uncontradicted evidence was that Master Builders, Inc., was engaged in the construction of a number of buildings and the plumbing permits for these buildings were issued to appellant; that one Jennings, who had been employed by Master Builders for five years, was foreman of the plumbing work and the men working under him were assigned by Master Builders; that Jennings and those working under him were paid by Master Builders, which also carried workmen's compensation insurance for such men

and withheld from their pay the prescribed amounts for social security and income tax.

The president of Master Builders testified that appellant was the subcontractor for the plumbing work and that Jennings and the men under him were the employees of appellant; and that the reason the men working on the plumbing were paid by Master Builders was to protect against liens on account of appellant's weak credit standing. Jennings testified that he was hired by appellant and received his instructions from appellant. Appellant also testified that Jennings and the other men were his employees and he had the right to hire and fire them.

On the strength of this testimony appellant argues that the men on the plumbing job were his employees and were under his control, and that consequently there was no violation by him of the plumbing code. This argument ignores the requirement of the code that the work be done either by a master plumber or by persons employed by him "and under his immediate personal supervision." With respect to appellant's personal supervision of the work, there was testimony that the plumbing inspector never saw appellant present when he visited the job. Jennings, the foreman, said the instructions he received from appellant were "to do a good job." Appellant testified that the job was done according to his instructions but he was unable to recall any instructions he gave other than to tell Jennings "that he wanted a good job."

■■ The expression "under his immediate personal supervision" has no precise meaning. We do not think it requires the constant presence of the master plumber at all times that the work is being done, but we do think it requires that he devote sufficient time to the work to see that it complies with the plans and specifications and is done in accordance with the plumbing code. Merely instructing a foreman to do a good job does not meet the requirement of immediate personal supervision. On the record before us, we cannot say that the finding of guilt was contrary to either the law or the evidence.

Appellant makes the contention that the prosecution failed to prove the time of the offense. This point appears to be raised now for the first time. Moreover, the pay rolls received in evidence furnished ample proof of the time of the offense.

Affirmed.