Arthur KAUFMAN and Janet Kaufman,
Appellants,

v.

Albert R. GRAY, Appellee.

No. 2022.

Municipal Court of Appeals for the
District of Columbia.

Argued July 29, 1957.

Decided Oct. 30, 1957.

Bertrand H. Merwin, Washington, D. C.,
for appellants.

William A. Tinney, Jr., Washington, D.
C., with whom Wesley S. Williams, Washington, D. C., was on the brief, for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, §
11–776(b).

HOOD, Associate Judge.

Appellants engaged appellee to make certain renovations in their home for a total price of $5,000, payable one-third at the commencement of the work, one-third when the work was half completed, and the balance upon completion. After the first two payments had been made, but before completion of the work, a fire at the house destroyed or damaged much of the work which had been done. No further work was done by appellee. The fire damage was repaired and some additional work done by a contractor engaged by the trustees of the fire insurance proceeds.

Appellee brought this action for the full balance remaining unpaid under his contract, claiming he had performed the contract "insofar as he has been permitted so to do." Appellants' answer alleged that appellee had only partially performed, had not performed in a workmanlike manner, and had abandoned the job before completion; and they counterclaimed for damages due to appellee's alleged faulty and incomplete work.

After trial without a jury the court orally made numerous findings in what may be called narrative form. The court concluded that appellee did not abandon the contract, that appellee's performance was workmanlike, and that when the fire occurred appellee had substantially performed the contract. The court then denied the counter-

claim and gave appellee judgment for the full balance of the contract, less two items. One of these items was $25 for a formica top which appellee had failed to furnish, and the other was $410 for plumbing work necessary to correct certain work of appellee's subcontractor.

We think the trial court's conclusion that there was substantial performance is not supported by the evidence, is contrary to its own detailed findings, and cannot stand. Appellee's own testimony was that when the fire occurred he still had another week's work to be done; and his own witness estimated that there were sixty hours of work remaining to be done. Furthermore, the trial court itself twice stated "this job was not completed." Specifically the trial court found that the work "was ready for the final trim and final paint job," and that "one more paint coat was required on the outside, and the finish coat was required on the inside, with a little touching up." Despite these findings of incomplete performance, the trial court allowed recovery of the full contract price, except for the formica top and plumbing items, and made no allowance for that portion of the work admittedly not performed. Appellee cannot on a showing of incomplete performance have recovery for full performance.[1]

Where, as in this case, a contractor engaged in repair of a building is prevented by fire on the premises from completing his contract "recovery is allowed upon the basis of the value of work done and the materials furnished by the contractor in the performance of his contract before the destruction of the subject matter rendering full performance impossible." Annotation, 170 A.L.R. 980. See also 17 C.J.S. Contracts § 466(2).

Reversed with instructions to grant a new trial.

[1.](#) Turner v. Henning, 49 App.D.C. 183, 262 F. 637.