E. Jo TANKO and Ella Jo Kirkpatrick, Appellants,

v.

Carl J. COLLIER and Arlene Collier, Appellees.

No. 3123.

District of Columbia Court of Appeals.

Argued Jan. 7, 1963.

Decided Jan. 29, 1963.

Fred C. Sacks, Washington, D. C., for appellants.

Frank B. Tavenner, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Appellees, occupants of a single room in appellants' house, sued the latter alleging (1) unlawful eviction without notice and (2) damages to personal property as a result of the negligent acts of appellants in the course of the eviction. Separate damages were asked on each ground. In defense appellants asserted that appellees were "roomers" or "lodgers," not tenants entitled to statutory notice, and denied any carelessness in lawfully dispossessing them. The trial court concluded from the evidence that appellees had rented only a single bedroom, not an apartment, and that they were roomers; that appellees had paid their weekly rent for use of the room to the date of the eviction; and that their dispossession at a late hour was "unreasonable and unjustified." The court awarded each appellee $100 as damages. From judgment on these findings, this appeal was taken.

As appellees apparently concede the correctness of the court's ruling that they were not tenants but roomers or lodgers at the time of their eviction and therefore not entitled to statutory notice to vacate, the relationship between the parties is not before us for review.

The primary points at issue are whether the removal of appellees' personal effects from their room pursuant to their eviction was accomplished in a "reasonable and justified" manner under the circumstances, and, if not, whether the evidence substantiated damages sustained by each appellee in the amount of $100.

In summary it appears that appellees were given several days' notice to vacate their rented quarters. In the early evening of the last day of their occupancy,

appellants moved the Colliers' already-packed personal belongings from their room. The parties disagreed as to whether these were placed in the hallway or outside in the rain. In any case, appellees testified as to actual damages in the amount of $63, representing $40 for cleaning clothes which had been subjected to the weather, $8 for some dishes that were broken, and $15 for an electric iron which fell from a paper bag which had become wet. The trial judge held that the manner of eviction was "unreasonable and unjustified," which we interpret to mean "without exercising reasonable care." There was evidence to support this finding and we cannot hold that the court was clearly wrong.

■ However, we find insufficient evidence to justify the court in fixing $100 as damages for each appellee. The trial court did not rule that an unlawful eviction had occurred in this case but only that the manner of eviction had been "unreasonable and unjustified" because of the late hour. Neither appellee therefore was entitled to recover any damages for unlawful eviction and the sole remaining question was the amount of damages for alleged injury to personal property. The basic rule for measure of damages to personal property has been laid down in a number of cases in this court.[1] We find here that the damages as awarded by the trial court were excessive and not substantiated by the evidence.[2]

Accordingly, we hold that the case should be affirmed as to the liability of appellants for damages for negligence in the removal of appellees' personal goods and as to the absence of any unlawful eviction; but reversed and remanded for a new trial only on the issue of damages, if any, to be awarded for the careless removal of the personal effects of appellees.

It is so ordered.

1. Knox v. Akowskey, D.C.Mun.App., 116 A.2d 406, 408; Wright v. Capital Transit Co., D.C.Mun.App., 35 A.2d 183, 184.

2. Cf. Discount Motor Sales, Inc. v. Shubrooks, D.C.Mun.App., 163 A.2d 818, 820.