George A. COOK, Appellant,

v.

JAMES E. GRIFFITH, INC., a corporation,
Appellee.

No. 3258.

District of Columbia Court of Appeals.

Argued June 24, 1963.

Decided Aug. 22, 1963.

George T. Vayda, New York City, for appellant.

Wallace McGregor, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

Appellee, a corporation engaged in the plumbing business, sued to recover the value of plumbing work performed at the request of appellant who had contracted to make certain alterations in the home of a third party. It was established at trial that the plumbing work was done, that no claim was made that the work was defectively done, that the work passed official inspection, and that the amount sued for represented a fair and reasonable charge for the work. In the face of these established facts, appellant says it was error for the trial court to give judgment for appellee.

Appellant contends that the plumbing work was done in violation of Code 1961, Title 2, §§ 1401–1408, which requires that a plumber be licensed and provides that all plumbing "done pursuant to such license shall be done under the immediate personal supervision of the licensed man." Code 1961, § 2–1405. The evidence showed that the plumbing in question was done by two employees of the corporation, neither of whom was a licensed plumber, and that the license holder for the corporation never visited the premises where the work was done, but did "lay out" the plumbing work. Appellant contends on these facts that appellee should not be allowed to recover. For two reasons we do not agree.

428

■ In the first place, we have previously ruled that the requirement of the statute that the work be done under the licensed plumber's "immediate personal supervision" does not require "the constant presence of the master plumber at all times that the work is being done," but only requires that the master plumber "devote sufficient time to the work to see that it complies with the plans and specifications and is done in accordance with the plumbing code." La Covey v. District of Columbia, D.C.Mun. App., 107 A.2d 374.[1] The secretary of the District of Columbia Plumbing Board, which controls the issuance of plumbing licenses, testified in the present case that the licensed plumber under whom non-licensed men work need not be physically on the site in order to personally supervise the work, but must either lay out the job or go by and inspect it. This administrative interpretation of the Act is entitled to due respect and ought not to be disregarded unless clearly wrong, which it is not. Thus it was not necessary that the licensed plumber be actually present when the work was performed. He had laid it out and it was done under his direction. The final responsibility was upon him, and when the work was performed under his supervision and on completion passed official inspection, he had met his responsibility.

■ In the second place, even if we assume a technical violation, it does not follow that appellant is relieved from payment. This is not the case of one not duly licensed seeking to recover for services performed in violation of a statute designed for protection of the public. In such cases recovery has been denied.[2] Here appellee was duly licensed. If it violated any provision of the Act it was subject to penalties by criminal prosecution instituted by the

District of Columbia. Code 1961, § 2–1408. Appellant, in effect, is attempting to impose on appellee a penalty not authorized by law and this he cannot do.[3]

Affirmed.

1. See also, City of St. Louis v. Bender, 248 Mo. 113, 154 S.W. 88, 44 L.R.A., N.S., 1072.

2. Kirschner v. Klavik, D.C.Mun.App., 186 A.2d 227; Holiday Homes v. Briley, D.C. Mun.App., 122 A.2d 229; Rubin v. Douglas, D.C.Mun.App., 59 A.2d 690.

3. Cf. City of New Rochelle v. Beckwith, 268 N.Y. 315, 197 N.E. 295, 100 A.L.R. 991.