MATTHEW A. WELCH & SONS, INC.,
a corporation, Appellant,

v.

James F. BIRD and Mildred J. Bird,
Appellees.

James F. BIRD, Appellant,

v.

MATTHEW A. WELCH & SONS, INC.,
a corporation, Appellee.

Nos. 3280–3281.

District of Columbia Court of Appeals.

Argued July 1, 1963.

Decided Sept. 17, 1963.

Rehearing Denied Oct. 7, 1963.

Pierre E. Dostert, Washington, D. C., with whom Samuel C. Borzilleri, Washington, D. C., and Elisabeth Hand Wayman were on the brief, for appellant Matthew A. Welch & Sons, Inc.

Herbert P. Leeman, Washington, D. C., for appellees James F. Bird and Mildred J. Bird.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

Mr. and Mrs. Bird orally contracted with Matthew A. Welch & Sons, Inc., for plumbing services at their residence in the District of Columbia. Dispute arose respecting the quality and quantity of the work done, and the Birds refused to pay the balance alleged to be due for labor and materials. Separate suits were filed by both parties, which were consolidated for trial, and resulted in jury verdicts awarding damages to each plaintiff upon their respective claims. From judgments on these verdicts, the losing parties appealed.

## No. 3280

The Birds in their suit against Welch & Sons (appellant here) based their claim for damages (a) in the amount of $500 for conversion of personal property by Welch employees from the Bird premises during the course of the job, and (b) in the amount of $2,500 for failure to execute and complete the work properly. The jury found in favor of the Birds in the amount of $1,400.

■ Without contesting liability, appellant asks this court to modify the damages awarded by the jury on the ground they were excessive and unsupported by the record. We have nothing before us to indicate whether the jury based its finding of liability upon the theory of conversion or upon breach of contract, or upon both. Furthermore, there is an obvious disparity between the damages proved by competent testimony at the trial and the amount finally set by the jury. The figures are irreconcilable. We are unable to say if this difference is due in whole or in part to the inadequacy of the record.[1] Rather than reverse and remand for a new trial on the question of damages only,[2] we believe a trial *de novo* is required on both liability and compensatory damages, at which time the trial judge should direct the jury to state separately the basis for the damages awarded.

## No. 3281

Welch & Sons (appellee here) sued Mr. Bird for $1,929.26, representing the balance due for labor and materials under the oral contract of the parties, plus 6% interest per annum from July 1, 1961. By answer appellant contested recovery alleging, among other contentions, that the work was left in a defective and unfinished state.

■ The only item of work not completed was a leaky valve which Welch offered to rectify, but appellant refused admission for that purpose. As this action on the part of Mr. Bird was the sole cause for the continuing defect, he is in no position to complain when its correction was prevented by his own conduct.[3] Under the doctrine of "substantial performance," which is recognized in this and most jurisdictions, a contractor is entitled to recover the contract price less compensatory damages for any injuries found to be due to defective or in-

1. For example, the Birds, on the record we have, failed to show that plumbing work performed one year later by a second plumber was necessitated by Welch's breach of the oral contract; failed to prove the value of certain articles allegedly converted; failed to prove actual damages from Welch's failure to obtain certain plumbing permits; and failed to prove damages for the alleged burning of a floor by Welch's agents. The above examples are illustrative only, and not inclusive.

2. Tanko v. Collier, D.C.App., 187 A.2d 700.

3. Horlick v. Wright, D.C.Mun.App., 104 A. 2d 825.

complete work.[4] This is the situation in the present case. The jury having found as a matter of fact that there had been substantial performance, we cannot disturb that finding in the absence of manifest error.[5]

 Appellant Bird claims (a) that Welch's failure to obtain certain permits for the work performed rendered the contract illegal and void and (b) that there was error in instructing the jury on the allowance of 6% interest upon the amount due. We find these contentions are not supported by the record or by applicable law. Appellant sustained no damage by the omission of Welch to obtain work permits and the jury was properly instructed that if it found appellant withheld payment unjustly after demand therefor, interest should be added at 6% per annum to the amount found to be due and payable under the contract.[6]

There being competent evidence to support the verdict by the jury and correct instructions as to applicable law, we find no ground for reversal of the judgment in favor of Welch for the sum of $1,929.26. However, we hold that execution of this judgment should be stayed and interest computed only after the issues of liability and compensatory damages, if any, have been properly ascertained in the retrial of the Birds' suit against Welch. Any damages awarded should be deducted as a setoff from the amount due Welch on its bill for labor and materials and interest computed on the net balance.[7]

We have considered the other contentions by appellants and find they are without merit.

No. 3280 Reversed and remanded with directions to grant a new trial.

No. 3281 Affirmed as to the amount of $1,929.26, with directions to

(a) stay execution thereon and

(b) defer computation of 6% interest until after completion of the new trial in No. 3280 and deduction of any damages awarded by the jury in No. 3280.

4. Turner v. Henning, 49 App.D.C. 183, 262 F. 637; Kaufman v. Gray, D.C.Mun.App., 135 A.2d 455; Meador v. Robinson, Ky., 263 S.W.2d 118; 3A Corbin on Contracts § 709, pp. 334, 338 (1960).

5. V. E. M. Hotel Service, Inc. v. Uline, Inc., D.C.App., 190 A.2d 812; Holmes v. Stahl, D.C.App., 190 A.2d 102; Cope Ford, Inc. v. Lastfogel, D.C.Mun.App., 184 A.2d 206.

6. Tendler v. Jaffe, 92 U.S.App.D.C. 2, 203 F.2d 14, cert. den. 346 U.S. 817, 74 S.Ct. 29, 98 L.Ed. 344.

7. We are of the opinion that instead of two separate suits there should have been an original suit and a counterclaim thereto; or, at pretrial, the suit by Bird against Welch should have been aligned as a compulsory counterclaim in the suit by Welch against the Birds so that the issues of fact and instructions upon the law could have been more readily given to the jury with final direction to bring in a *net* verdict.