Lewis J. SAUL, et al., Appellants,

v.

ROWAN HEATING AND AIR
CONDITIONING, INC.,
Appellee.

No. 90–CV–1567.

District of Columbia Court of Appeals.

Argued May 6, 1992.
Decided April 23, 1993.

---

Gary M. Sidell, with whom Steven M. Buckman, Washington, DC, was on the brief, for appellants.

**620**

Frank J. Emig, Greenbelt, MD, for appellee.

Before STEADMAN and WAGNER, Associate Judges, and PRYOR, Senior Judge.

WAGNER, Associate Judge:

Appellants, Lewis J. Saul and Steven M. Buckman, appeal from a judgment awarding appellee, Rowan Heating and Air Conditioning, Inc. (Rowan, Inc.), a judgment of $8550 as the reasonable value of work completed by Rowan, Inc. under a contract with appellants before they terminated it.[1] Appellants argue that Rowan, Inc. is precluded from recovery on either a contract or a quantum meruit theory because it contracted and performed the work without the required license and permit. We agree that the lack of a license precludes recovery. Therefore, we reverse the judgment against appellants and remand for further proceedings on appellants' counterclaim for damages or rescission of the contract.

### I.

As the general partners of a partnership, Saul and Buckman contracted with Rowan, Inc. in 1985 for the latter to install a heating and air conditioning system at an apartment building owned by the partnership. Approximately three months after Rowan, Inc. commenced the work, the general contractor for the project instructed appellee to proceed no further because appellants were experiencing financial difficulties. The total contract price was $16,900. Saul and Buckman paid Rowan, Inc. only $7650 before the work was stopped. Rowan, Inc. filed first a mechanic's lien and then a complaint for damages alleging breach of contract. Saul and Buckman counterclaimed for damages or rescission of contract.

The trial court found, and it is undisputed, that Rowan, Inc. did not have the required contractor's refrigeration and air conditioning license at the time it entered the contract and performed the work. However, the president of the corporation, William Rowan, in his individual capacity, held a valid Master Mechanic's license for heating and air conditioning at the time. The trial court also found that Mr. Rowan personally approved the layout for the heating, ventilation, and air conditioning systems. It was also undisputed that Rowan, Inc. failed to obtain the permit required to perform the work. Addressing this issue, the trial court concluded that "the likely scenario" was that the process leading to inspection inevitably would have brought to light Rowan, Inc.'s failure to obtain the permit, and Mr. Rowan would have obtained it, arranged for the inspection, and undertaken any corrections. Therefore, the trial court determined that the minimum statutory and regulatory requirements were met because the work was performed under the supervision of Mr. Rowan, a duly licensed mechanic, who provided supervision for the work until Saul and Buckman terminated the job.

### II.

Appellants argue that the trial court erred in awarding damages to an unlicensed corporate entity which failed to obtain a permit for work performed under the limited supervision of a non-contracting licensed mechanic. Relying on *Cook v. James E. Griffith, Inc.*, 193 A.2d 427 (D.C. 1963), appellee contends that an unlicensed plumbing corporation may recover for work performed under the immediate personal supervision of a licensed plumber. A careful reading of *Cook* reveals the fallacy of appellee's argument. In *Cook*, there was a license holder for the corporate appellee which was engaged in the plumbing

---

1. Appellee refers to itself in its brief as "appellee/cross-appellant" and argues that the trial court erred in denying its request for prejudgment interest and attorney's fees. The record *does not reflect that appellee filed a notice of appeal pursuant to D.C.App.R. 4(a)(1); see also Edwards v. Woods,* 385 A.2d 780, 783 (D.C.1978)

(while court may dispense with cross-appeal rule, it will do so only to extent necessitated by justice and the circumstances). In view of our disposition of appellants' appeal, we need not consider whether appellee's failure to note an appeal precludes us from addressing the issues appellee raises.

business and which sued to recover damages for the value of the plumbing work. *Id.* at 427–28. In dispute was the adequacy of the supervision provided by the license holder to the two unlicensed corporate employees who performed the work. *Id.* The court stated explicitly that "[t]his is not the case of one not duly licensed seeking to recover for services in violation of a statute designed for protection of the public [ ]" where recovery has been denied. *Id.* at 428.

This jurisdiction has held consistently that a contract entered in violation of a licensing statute or regulation directed at protecting the public is void and unenforceable. *Capital Constr. Co. v. Plaza West Coop. Ass'n, Inc.,* 604 A.2d 428, 429 (D.C. 1992) (home improvement contract unenforceable when unlicensed contractor accepts payment before completion of work); *Highpoint Townhouses, Inc. v. Rapp,* 423 A.2d 932, 935 (D.C.1980) (plumbing contract for work performed by unlicensed plumber unenforceable); *Family Constr. v. District of Columbia Dep't of Consumer & Regulatory Affairs,* 484 A.2d 250, 254 (D.C.1984) (failure to comply with registration requirements of Consumer Credit Retail Regulations renders installment sales contract void). The Refrigeration and Air Conditioning Licensing regulations, at issue here, preclude a person from engaging in the business of "installing, maintaining, repairing, or replacing refrigeration and air conditioning equipment, ... without being licensed to do so." 17 DCMR § 303.1 (1983). The regulations are applicable to persons, firms, and corporations engaged or employed in the business of performing such work, with specified exceptions not pertinent here. 17 DCMR § 301.1. Appellants argue that the exception set forth in 17 DCMR § 303.2, upon which the trial court based its ruling, is not applicable under the circumstances presented. The regulation provides:

The licensing requirement of § 303.1 shall not be applicable to persons performing refrigeration or air conditioning work under the personal supervision of, and under the authority of a permit issued to, a validly licensed Master Refrigeration and Air Conditioning Mechanic or Master Refrigeration and Air Conditioning Mechanic Limited, who is responsible for the proper performance of the work. 17 DCMR § 303.2.

Appellants argue that this exception covers only those performing the type of work included, but does not apply to an individual or entity which engages in the type of business subject to the regulation. We agree. The licensing regulations distinguish between those who "engage in the business" and those who are "employed in" or who "perform work in" the field. *See, e.g.,* 17 DCMR §§ 301.1, 303.1, and 304.1. The exception in § 303.2 appears to be designed solely to allow individuals to work as subordinates to a master mechanic without obtaining a license. A particular license as a "Refrigeration and Air Conditioning Contractor" entitles the holder to engage in the business. *Id.* § 303.1. Such a license "may be issued to a person, firm, or corporation ...," provided, *inter alia,* the business is conducted by or regularly employs at least one person who holds a valid Master Refrigeration and Air Conditioning Mechanic's (MRACM) license or Master Refrigeration and Air Conditioning Mechanic Limited's (MRACML) license. *Id.* § 305.1. The last two licenses mentioned allow the holder only to supervise or perform the type of work covered by the regulations as distinguished from engaging in the business. *Id.* § 304.2.

It is undisputed that Rowan, Inc. had no license to engage in the regulated activity at the time the work was performed, even though it appears that it may have met at least the eligibility requirements set forth in 17 DCMR § 305.1.[2] Although its presi-

---

2. 17 DCMR § 305.1 provides as follows:
   A license as a Refrigeration and Air Conditioning Contractor may be issued to a person, firm, or corporation proposing to engage in that business if the following requirements are met:

   (a) The business shall be conducted at a specified location; and
   (b) The business shall be conducted by or shall regularly employ at least one (1) person holding a valid Master Refrigeration and Air Conditioning Mechanic's license or a valid

**622**

dent had an individual Master Mechanic's license, this could not excuse Rowan, Inc., the contracting party, from obtaining the required license before engaging in the business. The requirement that the contracting party obtain the license affords significant protections to the public. First, it assures that no one will engage in the business without supervision by qualified mechanics. *See id.* §§ 305.1, 305.4, 305.6, 306 and 307. Second, the regulations require the contractor to furnish and keep in force a bond, and any person aggrieved by the contractor's violation of any law or regulation relating to the licensed business has the right to bring suit against the surety on the bond, in addition to the right to sue the contractor. *Id.* §§ 311.1 and 311.9. The continuing validity of the contractor's license is conditioned upon it keeping in force the required bond. *Id.* § 305.9. There is no similar requirement for one holding a license which only entitles the licensee to supervise or perform the work pursuant to § 304.2. Thus, we perceive a clear distinction between Mr. Rowan's individual license and the type of license which Rowan, Inc. was required to obtain before contracting or performing the work involved. Therefore, Rowan, Inc. did not meet the regulatory licensing requirement and was not entitled to prevail. *See Capital Constr., supra,* 604 A.2d at 431.[3]

For the foregoing reasons, we hold that Rowan, Inc. is not entitled to the judgment rendered in its favor. Appellants have requested this court to remand for the entry of judgment in their favor in an amount exceeding the contract price.[4] Because of the disposition of the case by the trial court, it did not dispose fully of the issues raised in appellants' counterclaim. Accordingly, we reverse and remand for further proceedings on appellants' counterclaim consistent with this opinion.

*Reversed and remanded.*

---

Master Refrigeration and Air Conditioning Mechanic Limited's license.

**3.** Even assuming that 17 DCMR § 303.2 could relieve a contractor engaged in the regulated business from meeting the licensing requirements of § 303.1, as appellee contends, and we are persuaded that it does not, the facts of this case would appear to undercut appellee's position. Section 303.2 specifies two conditions for exemption from the licensing requirement in § 303.1: 1) personal supervision of the work by a validly licensed MRACM or MRACML responsible for the work; and 2) work under the authority of a permit issued to that individual. It is undisputed that Mr. Rowan never obtained a permit for this job; thus, the second requirement for reliance upon § 303.2 was not fulfilled. Relying on *Matthew A. Welch & Sons, Inc. v. Bird,* 193 A.2d 736 (D.C.1963), appellee argues that the failure to obtain a permit does not render a contract illegal and void. However, unlike this case, *Welch* did not involve an unlicensed contractor seeking to claim that he fulfilled a regulatory requirement which excused him from obtaining a license mandated by regulations. The only omission by the con-

tractor discussed in *Welch* was his failure to obtain work permits. *Id.* at 739. Here, appellee did not meet the conditions of § 303.2 which, if applicable, would excuse those covered from obtaining a license under § 303.1. Thus, we are faced with the case of a contractor who has engaged in the business, contracted, and performed work without a license as required by law.

**4.** Ordinarily, when a party sues successfully to rescind a contract determined to be void and unenforceable because of the contractor's violation of licensing statutes or regulations, the appropriate remedy is a return of the money paid. *Erwin v. Craft,* 452 A.2d 971, 972 (D.C.1982); *cf. Family Constr. v. District of Columbia Dep't of Consumer & Regulatory Affairs,* 484 A.2d 250, 255 (D.C.1984); (return of money paid and restoration of property to status quo *ante* allowed where contract found void based on buyer's cancellation pursuant to statute); *see also Dresser v. Sunderland Apartments Tenants Ass'n, Inc.,* 465 A.2d 835, 840 (D.C.1983).