■ VILLAGE OF SOUTHAMPTON, Appellant-Respondent, v ELAINE PLATT, Respondent-Appellant.—In an action to recover civil penalties for violation of a zoning ordinance, the parties cross-appeal from (1) an order of the Supreme Court, Suffolk County, entered December 11, 1975, which, *inter alia,* (a) dismissed the complaint, (b) failed to grant the branch of plaintiff's motion which was for partial summary judgment, (c) dismissed defendant's counterclaims, (d) denied the branch of defendant's cross motion which was for summary judgment dismissing the complaint on the ground of unconstitutionality and (e) granted the branch of the cross motion which was for partial summary judgment and (2) a judgment of the same court, entered thereon on December 22, 1975. Order and judgment affirmed, without costs or disbursements. Special Term properly dismissed the complaint on plaintiff's motion for partial summary judgment. A civil action to recover a penalty involves a punishment and is, therefore, quasi-criminal *(Incorporated Vil. of Laurel Hollow v Laverne,* 24 AD2d 615). It is elementary that, in a criminal proceeding, due process requires that the defendant be given notice of the charges against him (1 Antieu, Modern Constitutional Law, § 5.5). While the complaint alleges that notice was given by the building inspector, it is clear from the face of the letter containing the notice of violation that the notice does not comply with the requirements of the ordinance. Although that argument was not made by defendant on her motion to dismiss the complaint, summary judgment searches the record and the court is empowered, on a motion for summary judgment made by a plaintiff, to check the complaint for sufficiency (Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR 3212:23, p 443). The

dismissal of the counterclaims was proper. The first and second counterclaims fail to state causes of action. The third and fourth counterclaims fail to satisfy the notice of claim requirements of section 50-e of the General Municipal Law, even under the liberal construction urged by defendant. In view of the above, it has not been necessary to consider other issues raised herein. Hopkins, Acting P. J., Margett, Rabin and Hawkins, JJ., concur; Martuscello, J., concurs insofar as the majority is affirming those parts of the order and judgment which dismiss the counterclaims, but otherwise dissents and votes to modify the order and judgment by deleting those parts thereof which dismiss the complaint and by reinstating the complaint, with the following memorandum: I disagree with the majority and would reverse solely with respect to the dismissal of the complaint, both on substantive and procedural grounds. In a civil action for penalties, there is no requirement that the removal notice served by the building inspector be based upon probable cause. Notice which is based upon a report that a violation exists, and which affords the alleged offender the opportunity to remove the violation, satisfies due process. Further, it was improper to dismiss the complaint on plaintiff's application for partial summary judgment, absent notice to it. Plaintiff should have been given an opportunity to present evidence with respect to the basis upon which the building inspector served the notice and to submit a memorandum of law (see *Rovello v Orofino Realty Co.,* 40 NY2d 633). In all other respects, I would affirm the order and judgment of Special Term.