559 P.2d 262 (1977)
Warren L. KEETON, Plaintiff-Appellant,
v.
Fred RIKE, Individually and d/b/a Fireside Mobile Homes, Defendant-Appellee.
No. 76-344.
Colorado Court of Appeals, Div. II.
January 6, 1977.
Selected for Official Publication.
Sonheim & Helm, Darrel L. Matteson, Arvada, for plaintiff-appellant.
Robert W. Baker, Denver, for defendant-appellee.
VanCISE, Judge.
Plaintiff, Warren L. Keeton (the employee), obtained a judgment on his claim against the defendant, Fred Rike (the employer), in the amount of $175 for unpaid commissions on mobile home sales. In addition to the commissions, the employee sought a reasonable attorney fee to be taxed as costs pursuant to § 8-4-114, C.R.S. 1973. The court refused to award an attorney fee, and the employee appeals that ruling. We reverse.
Section 8-4-114, C.R.S. 1973, states:
"Whenever it is necessary for an employee to commence a civil action for the recovery or collection of wages and penalties due as provided by sections 8-4-104 and 8-4-105, the judgment in such action shall include a reasonable attorney fee in *263 favor of the winning party, to be taxed as part of the costs of the action."
It is not clear from the judgment, based on the jury verdict, whether the employee's recovery was under § 104 or § 105, but § 114 applies to either. Hofer v. Polly Little Realtors, Inc., Colo.App., 543 P.2d 114. To be the "winning party," there is no requirement that penalties in addition to wages be recovered. See Hofer, supra.
Section 114, in providing that the judgment "shall include a reasonable attorney fee in favor of the winning party," leaves nothing to the discretion of the trial court except to determine what is a reasonable fee.
The judgment is reversed and the cause is remanded with directions to the trial court to hold a hearing to determine the amount of a reasonable attorney fee, including also a fee for this appeal, to be added to the amount due the plaintiff.
SILVERSTEIN, C. J., and RULAND, J., concur.