Harold R. **CARNAL**, Plaintiff-Appellee,

v.

**DAN COLEMAN, INC., and Ruan Transport Corporation, Defendants-Appellants.**

No. 85CA0521.

Colorado Court of Appeals, Div. I.

Sept. 4, 1986.

No appearance for plaintiff-appellee.

Mitchell & Mitchell, P.C.; Michael T. Mitchell, Rocky Ford, for defendants-appellants.

STERNBERG, Judge.

Dan Coleman, Inc., and Ruan Transport Corporation bring this *ex parte* appeal from the judgment of the trial court denying their request for attorney fees against Harold R. Carnal, who appeared as plaintiff at trial. We reverse.

On July 24, 1984, Carnal brought an action seeking damages against these defendants on various claims. He alleged damage to his automobile caused by the negligence of both Coleman and Ruan, and also, in a separate claim, alleged breach of a health insurance agreement. Carnal, a former employee of Coleman, sought damages against Coleman alone pursuant to § 8–4–

104, C.R.S., for alleged underpayment of wages and for wrongful termination of his employment in violation of § 5–5–106, C.R.S., which termination allegedly resulted from the garnishment of Carnal's wages as a judgment debtor.

Following two days of trial to the court and at the conclusion of Carnal's case, Ruan moved to dismiss the claims against it. The trial court granted this motion, noting that no evidence was introduced indicating Ruan had anything to do with Carnal's complaints.

In response to Ruan's request for attorney fees, the court found the claims against it to be frivolous and groundless, but declined to award attorney fees since "the same attorney that is representing ... Coleman is also representing Ruan...." The court concluded that Ruan would thus not "be really out any attorney's fees in this particular case."

The trial court subsequently found in favor of Coleman on all of plaintiff's claims against it. Although the court did not make a finding that these claims were frivolous or groundless, it declined to award Coleman its attorney fees as the winning party under § 8–4–114, C.R.S., of the Colorado Wage Act, and directed each party to pay its own costs.

Defendants first argue on appeal that the trial court erred in not awarding Ruan its attorney fees after the court dismissed Carnal's claims as frivolous and groundless. We agree.

Section 13–17–102(4), C.R.S. (1985 Cum.Supp.), applies here, and mandates the court to assess attorney fees once a determination is made that a claim brought or a defense asserted lacks substantial justification in that it was frivolous, groundless or vexatious. The fact that the same counsel defended both Ruan and Coleman, or that defenses to Carnal's claims and counsel's trial preparation were interrelated, is not sufficient reason to deny an award of attorney fees provided counsel can establish a reasonable fee proration. *See Alessi v. Hogue,* 689 P.2d 649 (Colo.App.1984).

We also agree that denial of an award of attorney fees to Coleman arising from the defense of Carnal's wage claim was error. Section 8–4–114, C.R.S., provides that judgment in such an action shall include reasonable attorney fees in favor of the winning party. This requirement is mandatory and applies to both employees and employers. *Hartman v. Freedman,* 197 Colo. 275, 591 P.2d 1318 (1979); *Keeton v. Rike,* 38 Colo.App. 505, 559 P.2d 262 (1977).

Ruan and Coleman further seek attorney fees incurred because of this appeal. We note that, but for Carnal's groundless and frivolous claim against Ruan in the trial court, the issue concerning attorney fees would never have come before us. Accordingly, we conclude Ruan is entitled to its attorney fees on appeal. *See International Technical Instruments, Inc. v. Engineering Measurements Co.,* 678 P.2d 558 (Colo.App.1983). Coleman is likewise entitled to reasonable attorney fees on appeal pursuant to § 8–4–114, C.R.S., and *Keeton v. Rike, supra.*

The judgment is reversed and the cause is remanded with directions to the trial court to hold a hearing to determine the proportionate amounts of reasonable attorney fees due the defendants, including proportional fees for this appeal, and for the determination and award of costs as required by § 13–16–105, C.R.S.

PIERCE and METZGER, JJ., concur.