**William S. DAVIDSON,
Plaintiff–Appellee,**

v.

**BONTESO GOLD CORP., a Colorado corporation; Albion 1, Ltd., a Colorado general partnership; Mary Ann Welch; and Mearl F. Webb, Defendants–Appellants.**

No. 91CA2127.

Colorado Court of Appeals,
Div. IV.

March 11, 1993.[*]

---

[*] Opinion previously announced as non-published February 4, 1993 is now selected for official publication.

Myers, Hoppin, Bradley and Devitt, P.C., Jerald J. Devitt, Denver, for plaintiff-appellee.

Harding & Ogborn, Cecil R. Hedger, Todd A. Fredrickson, Denver, for defendants-appellants.

Opinion by Chief Judge STERNBERG.

Defendants, Bonteso Gold Corp., Albion 1, Ltd., Mary Ann Welch, and Mearl F. Webb, appeal the order of the trial court denying their request for an assessment of attorney fees against plaintiff, William S. Davidson, pursuant to § 8–4–114, C.R.S. (1986 Repl.Vol. 3B). We reverse and remand with directions.

Plaintiff served as an officer of the Bonteso Gold Corporation from early 1987 until October 1990, when he resigned from the company. In December 1990, plaintiff commenced this action under § 8–4–101, et seq., C.R.S. (1986 Repl.Vol. 3B) claiming defendants had wrongfully refused to pay approximately $220,000 in salary that had accrued during the course of his employment.

During the course of the litigation, plaintiff acknowledged that the company had adopted a deferred compensation program in 1988 under which plaintiff's earnings would not be payable "until such time that [Bonteso] would be in a position to pay them." Plaintiff asserted, however, that the company had acquired a substantial asset in 1990 which enabled it to pay his salary.

As noted specifically in their trial disclosure certificate, defendants asserted they did not have the money to pay "the deferred accrued salaries owed by Bonteso Gold Corporation and are certainly not refusing to pay.... Simply, Bonteso Gold Corporation has not been, and is not in a 'position to pay' said accrued salaries." Following a bench trial, the court concluded that the company had never been financially able to pay plaintiff's salary, and it therefore entered judgment in favor of defendants.

Defendants thereafter submitted a bill of costs, together with a request for an award of attorney fees pursuant to § 8–4–114. The trial court noted that the statute required an award of attorney fees to "the winning party," but concluded that such an award would unfairly penalize plaintiff. As a result, the court concluded that neither side to the case was the "winning party" within the meaning of the statute, and it therefore denied defendants' request for attorney fees.

On appeal, defendants contend the trial court abused its discretion in refusing to award them the reasonable attorney fees they had incurred in responding to plaintiff's claim. We agree.

Section 8–4–114 provides:

Whenever it is necessary for an employee to commence a civil action for the recovery or collection of wages and penalties due as provided by sections 8–4–104 and 8–4–105, the judgment in such action shall include a reasonable attorney fee in favor of the winning party, to be taxed as part of the costs of the action.

In construing this provision, we have previously recognized that the mandatory language employed by the General Assembly "leaves nothing to the discretion of the trial court except to determine what is a reasonable fee." *Keeton v. Rike,* 38 Colo. App. 505, 559 P.2d 262 (1977).

Here, defendants admitted throughout the litigation that plaintiff had accrued his salary in the amount claimed; their defense was based solely on the fact that the contingency upon which plaintiff's right to payment depended had not yet occurred. Since defendants achieved the result they sought, they are the "winning party" within the meaning of § 8-4-114. *See* § 2-4-101, C.R.S. (1980 Repl.Vol. 1B) (words employed in a statute are to be construed according to their common usage). *Cf. Overland Development Co. v. Marston Slopes Development Co.,* 773 P.2d 1112 (Colo.App.1989) (a "prevailing party" is one who succeeds on a significant issue in the litigation and achieves some of the benefits sought therein).

Finally, contrary to plaintiff's assertion, the trial court's conclusion that there was no "winning party" finds no support in the fact that the judgment was entered "without prejudice to plaintiff's right to reassert his claim when and if the condition is met...." The defense to plaintiff's claim was predicated on the contention that a condition precedent to payment had not occurred. The trial court ruled in defendants' favor on this, the determinative issue of this lawsuit. Thus, defendants are entitled to an award under the statute.

The order denying an award of attorney fees is reversed, and the cause is remanded to the trial court for a determination and award of reasonable attorney fees to defendants.

HUME and JONES, JJ., concur.