**COLORADO DEPARTMENT OF SOCIAL SERVICES,** Plaintiff–Appellee,

v.

**BETHESDA CARE CENTER, INC. d/b/a** Bethany Care Center and Don P. Stimmel, in his official capacity as an Administrative Law Judge, Division of Administrative Hearings, Colorado Department of Administration, Defendants–Appellants.

No. 92CA1077.

Colorado Court of Appeals, Div. IV.

Aug. 19, 1993.

Gale A. Norton, Atty. Gen., Raymond T. Slaughter, Chief Deputy Atty. Gen., Timothy M. Tymkovich, Sol. Gen., Wade Livingston, First Asst. Atty. Gen., Denver, for plaintiff-appellee.

Miles & Epstein, P.C., Frederick Miles, Nancy P. Tisdall, Denver, for defendants-appellants.

Opinion by Judge RULAND.

In an administrative hearing conducted pursuant to the Administrative Procedure Act, § 24–4–105, C.R.S. (1988 Repl.Vol. 10A)

(APA), the Administrative Law Judge (ALJ) awarded attorney fees to defendant, Bethesda Care Centers, Inc. The basis for the award was that plaintiff, Colorado Department of Social Services, had pursued a frivolous defense to Bethesda's motion to enforce a settlement agreement. Bethesda appeals from a judgment of the district court vacating the ALJ's order. We reverse and remand for further proceedings.

This case arose out of Bethesda's participation in the Colorado Medical Assistance Program (Medicaid). In 1987, Bethesda claimed that the Department had incorrectly determined the reimbursement rates for nursing home care provided to Medicaid patients. After Bethesda initiated an administrative proceeding pursuant to § 26–1–106(2), C.R.S. (1989 Repl.Vol. 11B), the Department conceded the issue and formally agreed to recalculate Bethesda's reimbursement rates. The parties' settlement agreement was approved by the ALJ and incorporated into a final agency order in 1988.

In late 1989, Bethesda filed a motion for post-judgment relief claiming that the Department had failed to abide by the settlement agreement. The ALJ granted the motion and directed the Department to reimburse Bethesda in accordance with the terms of the agreement.

Bethesda filed a supplemental motion requesting an award of the attorney fees incurred in obtaining enforcement of the settlement agreement. Bethesda based its request on C.R.C.P. 121 § 1–15(7), which authorizes a trial court to award attorney fees as a sanction when "a frivolous motion is filed or [when] frivolous opposition to a motion is interposed."

The ALJ ruled that application of C.R.C.P. 121 § 1–15(7) in an administrative proceeding was consistent with § 24–4–105(4), C.R.S. (1988 Repl.Vol. 10A), of the APA which allows an ALJ to take any action "authorized by agency rule consistent with this article or in accordance, to the extent practicable, with the procedure in the district courts." *See Weiss v. Department of Public Safety*, 847 P.2d 197 (Colo.App.1992).

The ALJ then concluded that there was no rational basis for the Department's opposition to Bethesda's motion to enforce the settlement agreement and that, therefore, an award of attorney fees was warranted. The ALJ went on to find, however, that the hourly rate charged by Bethesda's counsel was excessive, and the order therefore limited the award to one-half of the amount requested.

The Department filed a complaint in the district court pursuant to § 24–4–106(4), C.R.S. (1988 Repl.Vol. 10A), requesting that the order be set aside. Bethesda, in turn, filed a counterclaim challenging the amount of the ALJ's award.

The district court ruled that § 24–4–105(4) grants an ALJ the powers of a trial court under C.R.C.P. 121 § 1–15(7) to assess fees against a party bringing a frivolous motion or filing a frivolous objection to a motion. However, the court concluded that C.R.C.P. 121 § 1–15(7) does not grant either ALJs or the courts authority independent of § 13–17–102, et seq., C.R.S. (1987 Repl.Vol. 6A), to award fees in civil cases for frivolous actions. Because the court concluded that § 13–17–102 does not extend authority to an ALJ to award fees, it set aside the ALJ's order.

I

During the pendency of this appeal, the General Assembly adopted S.B. 133, which contains various amendments to the section of the Administrative Procedure Act governing administrative hearings. Colo.Sess.Laws 1993, ch. 253, § 24–4–105 at 1327. Bethesda contends that the amendments are merely procedural in nature and confirm that an ALJ's power to award attorney fees was contained in the former version of § 24–4–105(4), C.R.S. (1988 Repl.Vol. 10A). The Department contends, on the other hand, that the amendments constitute a substantive change in the law, thus implying that an ALJ lacked authority under the former statute to impose fees as a sanction. We agree with Bethesda.

■ When the General Assembly amends a statute, it is presumed that a change in the law was intended. *See Rickstrew v. People*, 822 P.2d 505 (Colo.1991). However, this pre-

sumption may be rebutted when more specific sections are added to a general section because the addition may indicate a legislative intent to clarify the existing statute or to resolve an ambiguity in the former law. *See Robles v. People,* 811 P.2d 804 (Colo.1991); *Colorado Division of Employment & Training v. Parkview Episcopal Hospital,* 725 P.2d 787 (Colo.1986).

■ As pertinent here, § 24–4–105(4), C.R.S. (1988 Repl.Vol. 10A) originally provided:

> Any ... administrative law judge ... shall have authority *to take other action* authorized by agency rule consistent with this article or *in accordance, to the extent practicable, with the procedure in the district court.* (emphasis supplied)

To this language, the 1993 amendment has added:

> Any ... administrative law judge shall have authority to ... award *attorneys fees for abuses of discovery procedure or as otherwise provided under the Colorado Rules of Civil Procedure....* (emphasis supplied)

Similar language was added to § 24–4–105(5). *See* Colo.Sess.Laws 1993, ch. 253, at 1328.

In a legislative hearing on S.B. 133, an assistant attorney general in the regulatory law section indicated that the proposed provisions for awards of attorney fees were not considered a substantive change in the law. The assistant attorney general further testified that the ALJs had previously determined that they held the power to award attorney fees and that it was preferable to have this authority specifically delineated in the statute. Hearings on S.B. 133 before Senate State Affairs Committee, 59th General Assembly, First Session (February 3 & 10, 1993). Similar testimony was presented to a House committee when it met to consider S.B. 133. *See* Hearing on S.B. 133 before the House State Affairs Committee, 59th General Assembly, First Session (May 6, 1993).

Given this legislative history, and in view of the fact that specific wording relative to an award of fees was added to a former general provision incorporating the Rules of Civil Procedure, we conclude that the amendments contained in S.B. 133 constitute a clarification of prior law. *See Rickstrew v. People, supra.* As a result, we hold that the ALJ had authority here to make an award of attorney fees pursuant to C.R.C.P. 121 § 1–15(7) for frivolous defense of a motion.

By reason of our resolution of this issue, it is unnecessary to address the propriety of the district court's ruling.

## II

■ We must next address whether an award of attorney fees may be made against a state agency under § 24–4–105(4). We conclude that an award of such fees is proper.

The Department's argument to the contrary is premised on this court's decision in *Shumate v. State Personnel Board,* 34 Colo. App. 393, 398, 528 P.2d 404, 407 (1974), in which we held that under C.R.C.P. 54(d) "[c]osts are not taxable against the sovereign unless the legislature so directs." This conclusion was based on the supreme court's decision in *Dietemann v. People,* 78 Colo. 92, 239 P. 1020 (1925), holding that the state's status as sovereign precluded an award of costs unless a statute or rule specifically authorized such an assessment.

However, the common law doctrine of sovereign immunity was abolished by our supreme court in 1971. *Evans v. Board of County Commissioners,* 174 Colo. 97, 482 P.2d 968 (1971). Following the abolishment of that doctrine, our supreme court also approved an award of costs and interest against a state agency under the Governmental Immunity Act in *Lee v. Colorado Department of Health,* 718 P.2d 221 (Colo.1986). In doing so, the court rejected the rationale of *Dietemann* and *Shumate.*

In two opinions issued during the following year, the supreme court further indicated that its holding in *Lee* was not limited to cases brought under the Governmental Immunity Act. In *Division of Employment & Training v. Turynski,* 735 P.2d 469 (Colo. 1987) (fn. 5), the court relied on *Lee* in holding that the recipients of unemployment compensation benefits were entitled to recover their appellate costs from the state even though there was no statute that expressly

authorized an assessment against a public entity. The court applied *Lee* again in *Passarelli v. Schoettler*, 742 P.2d 867 (Colo.1987), and concluded that sovereign immunity did not bar an award of prejudgment interest to a city councilman who had obtained full reimbursement of the expenses incurred in a recall election from the state.

Since *Lee* was announced, this court also has on occasion affirmed orders assessing attorney fees against state agencies. *See Ornelas v. Department of Institutions*, 804 P.2d 235 (Colo.App.1990) (affirming award of attorney fees against state agency as sanction for discovery violation in an administrative proceeding); *United Bank v. Colorado State Treasurer*, 797 P.2d 851 (Colo.App. 1990) (affirming award of attorney fees against state in garnishment action pursuant to C.R.C.P. 103 § 8(b)(5)).

However, the issue whether a state agency is immune from liability for such fees has not been presented. *See also Carothers v. Department of Institutions*, 845 P.2d 1179 (Colo.1993) (declining to consider whether attorney fees may be assessed against the Department of Institutions in the absence of a statute expressly authorizing such an award against a state agency).

In considering this issue, we view the analysis of our supreme court in *People v. District Court*, 808 P.2d 831 (Colo.1991) as controlling. There, in concluding that fees could not be awarded against the state for the prosecution's violation of Crim.P. 16, the court noted that "[a]n award of attorney's fees to be payable from public funds implicates sensitive budget and funding considerations, and authority to intrude into these areas is not to be lightly implied." *People v. District Court, supra*, at 835. The court noted that:

> The requirement that attorney's fees be expressly authorized is applied with even greater rigor when an award is to be payable from public funds. Even when attorney's fees are expressly authorized, we have required some indication of legislative intent to allow such an award against the government.

*People v. District Court, supra*, at 836.

The parties agree that proceedings by a licensed provider such as Bethesda against the Department pursuant to § 26-1-106(2) are governed by § 24-4-105 of the APA. Section 24-4-102(11), C.R.S. (1988 Repl.Vol. 10A), defines a party in an APA proceeding as including any person or agency named or admitted to the proceeding. "Agency," in turn, includes the Department under § 24-4-102(3), C.R.S. (1988 Repl.Vol. 10A). .

Hence, we necessarily conclude that the Department is a party for purposes of the administrative proceeding conducted here pursuant to § 24-4-105. On this basis, we further conclude that the General Assembly has evidenced its intent to render the Department, like other parties, liable for attorney fees in asserting a frivolous defense to a vendor's motion. *See People v. District Court, supra*. As a result, in our view the ALJ was authorized to enter an award in this case.

### III

■ Relying on *Carnal v. Dan Coleman, Inc.*, 727 P.2d 412 (Colo.App.1986), Bethesda contends that it is entitled to an award of the attorney fees incurred in the district court proceedings and in this appeal. We disagree.

In *Carnal v. Dan Coleman, Inc., supra*, a division of this court held that the trial court erred in refusing to enter an award of fees after it had determined that certain claims were frivolous and groundless. The court also held that the fees incurred on appeal should be awarded because, "but for [the plaintiff's] groundless and frivolous claim ... in the trial court, the issue concerning attorney fees would never have come before us." *Carnal v. Dan Coleman, Inc., supra*, at 414.

However, in resolving the attorney fees issue, the *Carnal* court relied upon the opinion of this court in *International Technical Instruments, Inc., v. Engineering Measurements Co.*, 678 P.2d 558 (Colo.App.1983). The court in *International*, in turn, relied upon the former version of § 13-17-103, C.R.S., Colo.Sess.Laws 1977, ch. 189, § 13-17-103 at 796, which, at that time, provided that:

> If, on appeal, the appellate court determines that a party is entitled to reasonable attorney fees for any stage of the proceed-

ings prior to appellate proceedings ... that party shall also be entitled to reasonable attorney fees for the appellate proceedings.

This provision, however, was repealed by the General Assembly in 1984. *See* Colo.Sess. Laws 1984, ch. 189, § 13–17–103 at 461.

Here, we do not view the Department's arguments in the trial court and on appeal regarding the award of fees under the APA against a state agency as frivolous or groundless. And, the statute no longer mandates an award of fees. Hence, we conclude that attorney fees incurred by Bethesda in the district court or in this court should not be awarded. *See Schmidt Construction Co. v. Becker–Johnson Corp.*, 817 P.2d 625 (Colo. App.1991).

The district court's judgment is reversed, and the cause is remanded for further proceedings on Bethesda's counterclaim for fees incurred in the proceedings before the ALJ.

PLANK and COYTE *, JJ., concur.