### In re the MARRIAGE OF Richard J. VIVENS,

and

### Carmalita Vivens n/k/a Carmalita Gabner, Appellee,

### and Concerning Denver Department of Social Services, Intervenor–Appellant.

#### No. 93CA0848.

Colorado Court of Appeals, Div. V.

June 16, 1994.

Rehearing Denied July 14, 1994.

Certiorari Denied Dec. 19, 1994.

No appearance for Richard J. Vivens.

Richard L. Walloch, Denver, for appellee.

Daniel E. Muse, City Atty., Elizabeth D. Leith and Efrain Padro, Asst. City Attys., Denver, for intervenor-appellant.

Opinion by Judge RULAND.

In this dissolution of marriage proceeding, intervenor, Denver Department of Social Services (Denver Social Services), appeals from an order of the trial court awarding attorney fees and costs to Carmalita Vivens (mother). This award was made pursuant to § 14–14–107(9)(e), C.R.S. (1993 Cum.Supp.) in conjunction with a dispute over the amount of child support arrearages owed to Denver Social Services and Richard J. Vivens (father). We affirm.

In 1979, mother and father separated. Temporary custody of the children was awarded by the trial court to father, and mother was ordered to pay child support. When mother failed to make the first payment, father filed a motion for assignment of wages. As a result, the trial court ordered mother to execute a wage assignment and payroll deduction.

In 1980, the marriage was dissolved. Permanent orders were entered awarding father permanent custody of the children and requiring mother to continue paying child support, including arrearages.

Later in that year, father assigned his rights to the child support payments to the State Department of Social Services so that he would be eligible to receive Aid to Families with Dependent Children (AFDC) benefits. Father continued to receive AFDC benefits through September of 1983. Mother also received AFDC benefits during the month of May 1986, after she and father modified the custody arrangement.

The record next reflects that on September 24, 1992, mother filed an objection to Denver Social Services' advance notice of activation of a wage assignment and affidavit of arrears. According to the parties' briefs and the trial court's order, Denver Social Services was seeking to recover $11,930, representing child support payments due between November 1979 and May 1986. Mother objected on the basis that no payments were due, that all payments had been made when due, and that mother and father had modified the terms for the payment of child support.

Denver Social Services conducted an additional investigation and determined that mother and father had modified the custody arrangement and the terms for payment of child support without notifying the court. Therefore, on November 6, 1992, Denver Social Services filed another motion for the activation of a wage assignment requesting only the amount of unreimbursed AFDC benefits it paid to father between October 1980 and September 1983.

Just prior to the scheduled hearing on mother's objection, Denver Social Services and mother stipulated to judgment in the amount of $2,071.35. Therefore, at the hearing, the issue of arrearages was not addressed. However, the trial court did hear argument on whether mother was the prevailing party in the proceeding and resolved that issue in her favor. On this basis, and at a subsequent hearing, the trial court awarded attorney fees and costs to mother pursuant to § 14–14–107(9)(e).

I.

■ Denver Social Services contends for the first time on appeal that the trial court erred in holding a hearing pursuant to § 14–14–107(9)(e) on mother's objection because the wage assignment was judicially ordered rather than statutory in nature. However, because this issue was not raised in the trial court, we decline to address it here. *Moses v. Diocese of Colorado,* 863 P.2d 310 (Colo. 1993).

## II.

Denver Social Services next contends that the General Assembly has not specifically authorized the assessment of attorney fees and costs against agencies of the state in connection with disputes over wage assignments and that, therefore, it was error for the trial court to do so here. We disagree.

Section 14–14–107(9)(e) provides:

At a hearing on an objection [to a wage assignment], reasonable attorney fees and costs *shall* be awarded to the *prevailing party.* (emphasis supplied)

This court has previously approved an award of attorney fees against the district attorney in connection with a wage assignment dispute, but it does not appear that the contention raised here was asserted in that case. *See In re Marriage of Watters,* 782 P.2d 1220 (Colo.App.1989); *see also C.R.A.H. v. P.M.M.,* 647 P.2d 239 (Colo.App.1981) (award of fees against the Department of Social Services was proper in a paternity proceeding under § 19–6–117, C.R.S. (1986 Repl.Vol. 8B)).

Accordingly, as in *Colorado Department of Social Services v. Bethesda Care Center, Inc.,* 867 P.2d 4 (Colo.App.1993), we view the analysis of our supreme court in *People v. District Court,* 808 P.2d 831 (Colo.1991) as dispositive of this issue. There the court noted:

Even when attorney's fees are expressly authorized [by statute], we have required some indication of legislative intent to allow such an award against the government.

*People v. District Court, supra,* at 836.

Turning then to the issue of legislative intent, we note that, pursuant to § 26–2–111(3)(g), C.R.S. (1989 Repl.Vol. 11B), the rights of father in the wage assignment were assigned to the State Department of Social Services by operation of law based upon his application to Denver Social Services for financial assistance. Denver Social Services serves as the State Department's agent. Section 26–1–118(1), C.R.S. (1993 Cum. Supp.). Consistent with these statutes, the record reflects that a written assignment was executed by father in 1980.

■ Having adopted a legal requirement for the transfer to Denver Social Services of the right to activate the wage assignment, the General Assembly necessarily intended, in our view, for that department to become a party to wage assignment proceedings pursuant to § 14–14–107, C.R.S. (1993 Cum.Supp.) when appropriate to enforce a payment obligation. Thus, since Denver Social Services becomes a party to the proceedings, we conclude that an award of fees and costs against that entity is authorized by the statute when the opposing party prevails. *See Colorado Department of Social Services v. Bethesda Care Center, Inc., supra.*

## III.

■ Denver Social Services also contends that the trial court erred in concluding that mother was the prevailing party because there was no "hearing on an objection" pursuant to § 14–14–107(9)(e), C.R.S. (1993 Cum.Supp.). Instead, Denver Social Services argues, because the amount due was stipulated prior to any hearing, the statute does not authorize any award of fees and costs. We disagree.

Section 14–14–107(9), C.R.S. (1993 Cum. Supp.) provides, in pertinent part, that:

(b) The objection shall be limited to the defenses that there is a mistake of fact such as an error in the identity of the absent parent or in the amount of the support.

(c) If an objection is filed ... a hearing shall be set and held by the court within forty-five days....

(d) At a hearing on an objection, the sole issue before the court is whether there was a mistake of fact as specified in paragraph (b) of this subsection (9).

(e) At a hearing on an objection, reasonable attorney fees and costs shall be awarded to the prevailing party.

The obvious purpose of the statute is to expedite payment of valid child support obligations. To that end, the issues for determination are limited to the identity of the obligor and the amount of the obligation. To discourage any exaggerated claims or at-

tempts to delay payment of valid claims, the prevailing party is awarded fees.

■ Given this statutory scheme, there are two issues which must be resolved following the filing of an objection. The first relates to the merits of the objection and the second concerns an award of fees. A prehearing concession by either party concerning the merits does not foreclose the prevailing party from seeking fees. Otherwise, the penalty contemplated by the statute for an exaggerated claim or an attempt to delay payment would be frustrated.

Therefore, we conclude that, pursuant to the statute, a "hearing on an objection" was held in this case, and it was, therefore, proper for the trial court to make a finding as to the prevailing party and to award attorney fees and costs accordingly.

### IV.

■ Denver Social Services also disputes the court's finding that mother was the prevailing party. We affirm the court's ruling.

■ To be characterized as the "prevailing party," a litigant must have succeeded upon a significant issue presented by the litigation and must have achieved some of the benefits sought in the lawsuit. *In re Marriage of Sabala*, 802 P.2d 1163 (Colo.App.1990).

Here, the trial court found with record support:

> That due to the institution of the wage assignment the Respondent was forced to file an objection to the amount. That the objection was successful in obtaining a substantial reduction in the amount owed to the Intervenor, therefore, under C.R.S. § 14–14–107(9)(e), the Respondent is the prevailing party and entitled to attorney fees and costs.

The order is affirmed.

HUME and CASEBOLT, JJ., concur.