**COLORADO CITY METROPOLITAN DISTRICT, Plaintiff–Appellee,**

v.

**GRABER AND SON'S, INC., a Colorado corporation, also known as Graber and Sons, Inc., a Colorado corporation, Morris L. Graber and Betty J. Graber, Defendants–Appellants.**

No. 94CA1217.

Colorado Court of Appeals, Div. III.

April 20, 1995.

Rehearing Denied May 18, 1995.

Kogovsek & Higinbotham, P.C., Daniel C. Kogovsek, Pueblo, for plaintiff-appellee.

Banner & Enck, P.C., Mark A. Ohlsen, Pueblo, for defendants-appellants.

Opinion by Judge PIERCE *.

In this foreclosure action, defendants, Graber and Son's, Inc., Morris L. Graber, and

* Sitting by Assignment of the Chief Justice under provisions of the Colo. Const., art. VI, Sec. 5(3),

Betty J. Graber, appeal from a partial summary judgment entered on their counterclaim in favor of plaintiff, the Colorado City Metropolitan District (the District), based on sovereign immunity. Our jurisdiction is based upon § 24–10–108, C.R.S. (1994 Cum. Supp.). We reverse and remand.

The complaint filed in 1992 alleged that, in August 1979, the defendant corporation executed and delivered to the Colorado City Development Company a note and deed of trust that were ultimately assigned to the District in 1988. After subtracting payments made on the note, the District claimed that defendant corporation owed a principal balance of $59,936.17 and accrued interest of $56,116.18.

In its second claim, the District alleged that the note was secured by certain real property owned by defendant corporation in Pueblo County and that defendants Morris L. and Betty J. Graber resided on the property. The District requested judgment against defendants authorizing the District to foreclose upon the property secured by the deed of trust lien.

Defendants filed an answer and counterclaim admitting execution of the note and deed of trust. They also admitted that the corporation's last payment on the note was made in 1983 and that the District's demand for payment was received. However, defendants asserted that the District's claim for attorney fees was inappropriate because it had failed to mitigate its damages.

Among other affirmative defenses, defendants asserted that the District's complaint was barred by the statute of limitations.

In their first counterclaim, defendants requested an award of damages based upon allegations that the complaint was motivated by a vengeful attitude held by a number of the District's board members towards defendants and that the District knew that all or part of its claim was barred by the statute of limitations. In their second counterclaim, defendants requested attorney fees pursuant to § 13–17–101, et seq., C.R.S. (1987 Repl. and § 24–51–1105, C.R.S. (1994 Cum.Supp.).

Vol. 6A) for having to defend an allegedly time-barred claim which lacked substantial justification.

The District filed an amended answer to defendants' counterclaims which asserted, among other defenses, that the counterclaims were barred by the Colorado Governmental Immunity Act.

Consistent with their amended answer, the District filed a motion for summary judgment on defendants' counterclaims. As ground for the motion, the District argued that the first counterclaim was, in effect, an abuse of process claim which lay in tort and was therefore barred by the Immunity Act.

Based upon the parties' submissions, the trial court determined that defendants' counterclaim for abuse of process was a tort claim for which immunity had not been statutorily waived pursuant to the Immunity Act. Defendants do not appeal the trial court's dismissal of this claim.

In addressing the counterclaim for attorney fees, the trial court noted that the basis for the claim was an alleged lack of substantial justification for filing the complaint. The court viewed this allegation as analogous to a claim for abuse of process and determined that such a claim could lie in tort. On this basis, the court concluded that the Immunity Act also barred this counterclaim.

Defendants' sole contention is that the trial court committed reversible error in concluding that the Immunity Act barred their claim for attorney fees. They argue that the Immunity Act does not bar an attorney fees claim under § 13–17–101, et seq., for an action commenced by a public entity without substantial justification. They further claim that an award of attorney fees is a statutory remedy, rather than a tort remedy, and that the statutory scheme at issue discloses no legislative intent to exclude public entities from its provisions. We agree that the attorney fees claim was improperly dismissed.

The Immunity Act provides that no public entity shall be liable for actions which lie in tort or could lie in tort except as provided in the Act. Section 24–10–105, C.R.S. (1988 Repl.Vol. 10A). Further, no statutory waiver provision in the Immunity Act expressly applies to a public entity's commencement of frivolous litigation.

In our view, the fact that defendants denominate their request for fees as a counterclaim is not significant in resolving the issue before us. A request for attorney fees as a sanction for assertion of a frivolous claim may be requested by motion following entry of judgment. See Bakehouse & Associates, Inc. v. Wilkins, 689 P.2d 1166 (Colo.App. 1984). Those fees may even be awarded on the court's own motion. See § 13–17–102(4), C.R.S. (1987 Repl.Vol. 6A).

The dispositive question thus becomes whether § 13–17–102 applies to public entities in the same manner as to private litigants even though the conduct of the public entity or its attorney which causes a claim to be frivolous is based upon arguably tortious conduct. We conclude that the Colorado Governmental Immunity Act was not intended to shield public entities from the remedial provisions of § 13–17–102.

In 1977, the General Assembly adopted an act authorizing an award of attorney fees for the assertion of frivolous claims. Colo. Sess. Laws 1977, ch. 189, § 13–16–121 at 796. This act specifically authorized an award of attorney fees against a public entity if the entity brought a frivolous claim. See Board of County Commissioners v. Auslaender, 745 P.2d 999 (Colo.1987). However, it did not apply "to traffic offenses, matters brought under the provisions of the 'Colorado Children's Code' or related juvenile matters, or matters involving violations of municipal ordinances." Colo.Sess.Laws 1977, ch. 189, § 13–16–121 at 796 (repealed 1984).

In the 1977 act, the General Assembly also authorized an award of fees "in any suit involving money damages" if the court determined that a claim or defense was frivolous or groundless. See Colo.Sess.Laws 1977, ch. 189, § 13–17–101(3) at 796–797.

In 1984, the General Assembly repealed and re-enacted with amendments the former statutes addressing an award of fees for the assertion of frivolous claims. See Colo.Sess. Laws 1984, ch. 107, § 13–17–101, et seq., at 460. The General Assembly included a declaration in the 1984 Act expressing concern

"that the courts of this state have become increasingly burdened with litigation which is straining the judicial system and interfering with the effective administration of civil justice." The declaration further indicated that the attorney fees sanction was authorized "in response to this problem." Section 13–17–101, C.R.S. (1987 Repl.Vol. 6A).

In § 13–17–102(1), C.R.S. (1987 Repl.Vol. 6A), the 1984 act expanded the type of litigation covered by the act to include "*any* civil action." (emphasis supplied) The 1984 law also included an amendment to authorize an award of attorney fees against "*any* attorney or party." Section 13–17–102(2), C.R.S. (1987 Repl.Vol. 6A) (emphasis supplied). However, § 13–17–102(8), C.R.S. (1987 Repl. Vol. 6A) retained the former provision in the 1977 act which exempted an award of attorney fees against public entities with respect to traffic offenses, juvenile cases, and violations of municipal ordinances. Further, the new law repealed the 1977 provision which specifically included public entities. *See* Colo.Sess.Laws 1984, ch. 107, § 6 at 462.

Given this legislative history, we perceive an intent by the General Assembly to make the remedial provisions of the 1984 act applicable to both public entities and private litigants. *See Van Waters & Rogers, Inc. v. Keelan,* 840 P.2d 1070 (Colo.1992) (court's primary task in construing statute is to give effect to legislative intent). Otherwise, the 1977 exemption for traffic offenses, juvenile cases, and violations of municipal ordinances would not have been re-enacted in 1984. Conversely, we conclude that a contrary interpretation would frustrate the legislative purpose of the 1984 law by allowing one class of litigants, public entities, to assert frivolous or groundless claims with impunity.

Contrary to the District's contention, we do not view either *City & County of Denver v. Desert Truck Sales, Inc.,* 837 P.2d 759 (Colo.1992) or *State Department of Highways v. Mountain States Telephone & Telegraph Co.,* 869 P.2d 1289 (Colo.1994) as requiring a different conclusion.

In *City & County of Denver v. Desert Truck Sales, Inc., supra,* the supreme court addressed the question whether a replevin claim asserted against a public entity sounded in tort for purposes of the Immunity Act. The court concluded that the conversion-based claim could lie in tort and was therefore barred by the Immunity Act. However, the court had no occasion to address whether the claim or defense of either party was frivolous pursuant to § 13–17–102.

In *State Department of Highways v. Mountain States Telephone & Telegraph Co., supra,* the supreme court addressed the issue whether a public entity's violation of the statute requiring notice prior to excavation gave rise to a private remedy in damages. The court concluded that the application of the excavation requirements statute to public entities should not be construed as implying any waiver of the immunity conferred in the Immunity Act. The court based its holding in part on prior decisions adopting the view that waivers of sovereign immunity should be narrowly construed. That principle was subsequently rejected in *Bertrand v. Board of County Commissioners,* 872 P.2d 223 (Colo. 1994).

As previously noted, we construe § 13–17–102 to apply to public entities involved in civil litigation. This conclusion is consistent with *People v. District Court,* 808 P.2d 831 (Colo. 1991), in which the supreme court declared that a public entity may be held liable for payment of attorney fees to an opposing party if the General Assembly has expressed its intent to authorize such relief. *See also In re Marriage of Vivens,* 885 P.2d 301 (Colo. App.1994) (county department of social services may be liable for attorney fees under child support enforcement statute); *Colorado Department of Social Services v. Bethesda Care Center, Inc.,* 867 P.2d 4 (Colo.App.1993) (Department of Social Services may be liable for attorney fees for frivolous defense of a motion under the Administrative Procedure Act).

Accordingly, that part of the judgment which determined that the Colorado Governmental Immunity Act bars a request pursuant to § 13–17–102 for attorney fees against a public entity for bringing an allegedly frivolous claim is reversed, and the cause is

remanded for further proceedings consistent with the views expressed in this opinion.

HUME and TAUBMAN, JJ., concur.