968 P.2d 168 (1998)
FOREST VIEW ACRES WATER DISTRICT, a body corporate and political subdivision of the State of Colorado; Marvin B. Logan; Darlene Leak; William K. Barton; Randy Scott; and Thomas Guenther, in their official capacity as Directors of Forest View Acres Water District, Plaintiffs-Appellants,
v.
THE COLORADO STATE BOARD OF LAND COMMISSIONERS, an agency of The Department of Natural Resources of the State of Colorado; Lucy Black Creighton; and Robert R. Mailander and John S. Wilkes, III, in their official capacity as Commissioners, Defendants-Appellees,
and FOREST VIEW COMPANY, Defendant-Appellee and Third-Party Plaintiff-Appellee,
v.
Marvin B. LOGAN; Darlene Leak; William K. Barton; Randy Scott; and Thomas Guenther, Third-Party Defendants-Appellants.
No. 95CA1518.
Colorado Court of Appeals, Div. I.
October 29, 1998.
*169 Hall & Evans, L.L.C., Alan Epstein, Jeffery B. Stalder, Gregory M. Cornell, Denver, Colorado; J. Douglas Schering, Colorado Springs, Colorado; Richard P. Ranson, Colorado Springs, Colorado, for Plaintiffs-Appellants.
Porter, Spencer, Burghart, P.C., Arthur W. Porter, Melissa L. Phillips, Michael W. Carpenter, Colorado Springs, Colorado, for Defendants-Appellees and Third-Party Plaintiff-Appellee.
Opinion by Judge MARQUEZ.
In this action for declaratory relief, plaintiff, Forest View Acres Water District (Water District), and plaintiffs and third-party defendants, Marvin B. Logan, Darlene Leak, William K. Barton, Randy Scott, and Thomas Guenther, appeal the trial court's order denying their motions to dismiss the tort counterclaims and third-party complaint of defendant, Forest View Company (Forest View). We affirm in part, reverse in part, and remand for further proceedings.
The Water District is a special district created pursuant to statute. The remaining plaintiffs and third-party defendants are directors of the Water District.
*170 The Water District filed a complaint for declaratory relief against defendants, Forest View and the Colorado State Board of Land Commissioners, regarding agreements to supply water to a new development to be built by Forest View on state land. The Water District requested a declaration that the agreements at issue and a clarification letter were void and unenforceable because they were made in violation of Colo. Const. art. X, §20(4)(b), and violated certain statutory provisions. Alternatively, the Water District requested the court to interpret the agreement to require that all costs of development of the delivery system be paid by the developer including all legal and engineering fees incurred in the implementation of the agreement. The Water District also sought a judgment for its costs and fees incurred in the administration of the agreement and incurred in prosecution of this action.
In response, Forest View filed an answer, counterclaims, and a third-party complaint. By its counterclaims, Forest View sought a declaration that the contracts were valid and enforceable. It also sought damages for abuse of process, breach of contract, and negligent misrepresentation. Forest View's second counterclaim for damages for abuse of process and its third-party complaint for damages for inducing breach of contract were against the directors in their individual capacities. Its fourth counterclaim for damages for negligent misrepresentation was directed against the Water District.
Plaintiffs moved to dismiss the second and fourth counterclaims and the third-party defendants moved to dismiss the third-party complaint asserting that the trial court lacked jurisdiction over these claims because Forest View had failed to comply with the notice of claim requirements of the governmental immunity act.
Although Forest View admitted that no notice had been given, the trial court ruled that notice of claim was not required and denied the motions. While a motion for leave to file an amended counterclaim and third-party complaint was filed indicating that Forest View had subsequently filed with plaintiff and third-party defendants a notice of claim, the propriety of the alleged notice had not been determined at the time this interlocutory appeal was filed.
This court entered an order for limited remand to determine the timeliness and adequacy of Forest View's notice of claim. In compliance with that order, the trial court entered an order dated August 10, 1998, finding that Forest View knew of its alleged injury no later than June 1994 and, therefore, its notice of claim filed in April 1995 regarding its claims for negligent misrepresentation and tortious interference with contract was untimely. However, because the parties concede that the injury relating to the abuse of process claim was not discovered until the date of the filing of plaintiffs' declaratory judgment action, the trial court ruled that Forest View's notice on that claim was timely, and the viability of that claim is no longer at issue in this appeal. The trial court did not change its prior ruling that a notice of claim was not necessary for any of Forest View's claims.

I.
The Water District and third-party defendants assert that the trial court erred in denying their motions to dismiss Forest View's claims for tortious interference with contract and negligent misrepresentation for failure to comply with the notice requirements set forth in § 24-10-109, C.R.S.1998, of the Colorado Governmental Immunity Act (CGIA). Even if we assume, without deciding, that the claim for tortious interference can be brought, we conclude that notice was required and that, therefore, the claim must be dismissed. We also conclude that, to the extent Forest View seeks affirmative relief in its claim for negligent misrepresentation, notice is required. However, insofar as Forest View's claim characterized as negligent misrepresentation can be read as seeking only a return to the status quo ante, notice is not required.
The CGIA provides that no public entity shall be liable for actions which lie in tort or could lie in tort except as provided in the Act. Section 24-10-106(1), C.R.S.1998; Colorado City Metropolitan District v. Graber & Son's, Inc., 897 P.2d 874 (Colo.App.1995).
*171 Section 24-10-109 requires the filing of a written notice with the public entity "within one hundred eighty days after the date of the discovery of the injury, regardless of whether the person then knew all of the elements of a claim or of a cause of action for such injury." See East Lakewood Sanitation District v. District Court, 842 P.2d 233 (Colo. 1992).
Ordinarily, § 24-10-109 applies to all actions which lie in tort whether recognized at common law or created by statute. State Personnel Board v. Lloyd, 752 P.2d 559 (Colo.1988).
Compliance with the 180-day notice requirement in § 24-10-109 is a jurisdictional prerequisite to suit. Regional Transportation District v. Lopez, 916 P.2d 1187 (Colo. 1996).

A.
As a preliminary matter, we reject Forest View's assertion that it is impossible to comply with both the Colorado Rules of Civil Procedure and § 24-10-109.
Under C.R.C.P. 12(a) a defendant is to file an answer or other response within twenty days after the service of the summons and complaint. However, § 24-10-109(6), C.R.S. 1998, provides:
No action brought pursuant to this article shall be commenced until after the claimant who has filed timely notice pursuant to subsection (1) of this section has received notice from the public entity that the public entity has denied the claim or until after ninety days has passed following the filing of the notice of claim required by this section, whichever occurs first.
Even if a defendant must wait ninety days from the date of notice to bring its claim, there is nothing in the express terms of § 24-10-109 excepting counterclaims or third-party claims from the 180-day notice requirement. Nor does Forest View provide any authority indicating that it was prohibited from giving notice within 180 days after the discovery of the alleged injuries.
The third-party complaint is for inducing breach of contract. This claim, unlike the abuse of process claim, is not necessarily based on the filing of suit. On this claim the trial court found that Forest View knew of its alleged injury no later than June 1994. Thus, the requirement for notice is not altered by the nature of the claims.

B.
In its third-party complaint for inducing breach of contract, Forest View alleges that the third-party defendants have tortiously and intentionally interfered with the Water District's performance under the terms of the contract for their own personal benefit and gain. It seeks damages and loss suffered, including anticipated profit, out-of-pocket costs and expenses, interest, costs, attorney fees, and other relief. Even if we assume such a claim can be brought, because it is a claim for affirmative relief, we conclude that notice is required under the CGIA.
Courts in other jurisdictions have barred the assertion of counterclaims when the defendant has not previously complied with notice of claim provisions. See State v. Sorensen, 436 N.W.2d 358 (Iowa 1989); Russo Farms, Inc. v. Vineland Board of Education, 144 N.J. 84, 675 A.2d 1077 (N.J.1996); Village of Southampton v. Platt, 55 A.D.2d 603, 389 N.Y.S.2d 625 (N.Y.App.Div.1976). See also Leppo v. State Highway Administration, 330 Md. 416, 624 A.2d 539 (1993) (third-party complainant must comply with notice of claim provisions).
Like the statutes in other jurisdictions, our statute provides for governmental immunity except in those very specific areas in which the statute permits suit. Thus, certain claims for relief, whether asserted as original claims, counterclaims, or third-party complaints, are permitted by statute. Considering that a third-party complaint is an effort to enforce or collect upon an affirmative claim, we conclude there is nothing in the statute exempting such a claim from the notice of claim requirements.
Forest View, however, asserts, and the trial court agreed, that under the "setoff or recoupment exception," § 24-10-109 did not apply. We disagree.
*172 Courts in other jurisdictions have recognized a setoff or recoupment exception to sovereign immunity and to statutory non-claim statutes similar to § 24-10-109.
[W]hen the sovereign sues it waives immunity as to claims of the defendant which assert matters in recoupmentarising out of the same transaction or occurrence which is the subject matter of the government's suit, and to the extent of defeating the government's claim but not to the extent of a judgment against the government which is affirmative in the sense of involving relief different in kind or nature to that sought by the government or in the sense of exceeding the amount of the government's claims; but the sovereign does not waive immunity as to claims which do not meet the `same transaction or occurrence test' nor to claims of a different form or nature than that sought by it as plaintiff nor to claims exceeding in amount that sought by it as plaintiff.
Frederick v. United States, 386 F.2d 481, 488 (5th Cir.1967). See also U.S. v. Mottolo, 605 F.Supp. 898 (D.N.H.1985).
More recently, the issue was addressed in Ruppenthal v. State, 849 P.2d 1316 (Wyo. 1993), an action against a state government. In Ruppenthal, the Wyoming Supreme Court held that a claim which would otherwise be barred by the doctrine of sovereign immunity may be asserted as a counterclaim in a government-initiated lawsuit if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and is asserted only as a means of reducing or defeating the government's claim.
Here, the Water District brought this claim seeking declaratory relief against defendants. Because Forest View sought affirmative relief in tort, and its claim for inducing breach of contract is not asserted defensively for the purpose of diminishing the Water District's recovery, we conclude that, even if we were to recognize a setoff or recoupment exception, such an exception would not apply here.
Accordingly, to assert a claim for tortious interference with contract, Forest View was required to comply with the notice provisions of § 24-10-109.

C.
Similarly, even if we assume such a claim can be brought, to the extent Forest View, in its claim for negligent misrepresentation, seeks affirmative relief different in kind or nature from that brought by the Water District, such a claim is also subject to the notice of claim requirements of the CGIA.
However, insofar as Forest View's counterclaim for negligent misrepresentation may be viewed in part as a request to be restored to the position it was in before, in the event the contract is declared void, we conclude that notice was not required.
When a party has mistakenly designated a defense as a counterclaim or a counterclaim as a defense, the court, if justice so requires, shall treat the pleading as if there had been a proper designation. C.R.C.P. 8(c). See Brown v. Central City Opera House Ass'n, 36 Colo.App. 334, 542 P.2d 86 (1975), aff'd, 191 Colo. 372, 553 P.2d 64 (1976)(the substance of the claim rather than the appellation applied to the pleading by the litigant is what controls).
Here, by its complaint, the Water District requests a declaration that certain agreements and a clarification letter are void and unenforceable or, alternatively, an interpretation of the agreements. In effect, it seeks to have the contract rescinded.
In the fourth counterclaim, although denominated as one for negligent misrepresentation, Forest View asserts that, if the court determines that the contract is void, then the Water District's representations that it had the legal capacity and authority to enter into the contract are false. It further claims that the Water District is responsible for "all incidental and consequential damages and all damages suffered as a direct and proximate result of [the Water District's] actions necessary to place Forest View Company in the position it would have been in had the Contract never been made." It prays for judgment for "all damages which it suffered in the event that this Court should determine *173 that the Contract made by the plaintiffs in this case is void."
To a certain extent, such a claim does not allege a tort, but, rather, is a request to be restored to the status quo ante in the event the contract is declared void. To that extent, no notice under the CGIA is required.
Rescission of a contract normally is accompanied by restitution on both sides. A party seeking to rescind a contract must return the opposite party to the status quo ante or the position in which he or she was prior to entering into the contract. The concept of returning the parties to the status quo ante is equitable in nature, and it requires the use of practicability in the readjustment of the parties' rights. EarthInfo, Inc. v. Hydrosphere Resource Consultants, Inc., 900 P.2d 113 (Colo.1995).
When a contract is determined to be void, rescission, if sought, must follow. Carpenter v. Hill, 131 Colo. 553, 283 P.2d 963 (1955); see Normandy Estates Metropolitan Recreation District v. Normandy, 35 Colo. App. 341, 534 P.2d 805 (1975)(where note and deed of trust were declared void, trial court awarded balance due on contract).
Courts in other jurisdictions have ruled to the same effect. See Saul v. Rowan Heating & Air Conditioning, Inc., 623 A.2d 619 (D.C. 1992) (when a party sues successfully to rescind a contract determined to be void and unenforceable, the appropriate remedy is return of the money paid); Kravitz v. Homeowners Warranty Corp., 542 F.Supp. 317 (E.D.Pa.1982)(court may rescind a contract and award restitution so that the parties are restored to the status quo ante as if the fraudulent contract had never been made).
Thus, to the extent that Forest View in this counterclaim seeks only to be restored to the status quo ante, notice under the CGIA is not required.

II.
In view of our disposition, we deny Forest View's request for attorney fees. See Wood Bros. Homes, Inc. v. Howard, 862 P.2d 925 (Colo.1993).
The order denying the motion to dismiss the third-party complaint for inducing breach of contract is reversed. To the extent the counterclaim for negligent misrepresentation seeks affirmative relief, the order is reversed. To the extent Forest View by its counterclaim for negligent misrepresentation seeks to be restored to the status quo ante in the event the contract is declared void and is rescinded, the order is affirmed. The cause is remanded for further proceedings.
Judge METZGER concurs.
Judge CRISWELL concurs in part and dissents in part.
Judge CRISWELL concurring in part and dissenting in part.
The majority treats both Forest View Acres Water District, which is a public entity, and the individual third-party defendants identically with respect to the substantive issues presented by this appeal. To the extent that the majority opinion applies to the public entity, I agree with all of its conclusions.
However, because the claims asserted against the individuals are based upon their alleged willful and wanton actions, I conclude that no issue of "sovereign immunity" is presented by their appeal, and I would, therefore, dismiss their appeal for the reasons summarized in my dissent in Bresciani v. Haragan, 968 P.2d 153 (Colo.App.1998). Hence, to the extent that the majority opinion addresses the claims asserted against the individuals, I respectfully dissent.