2 P.3d 140 (2000)
The PEOPLE of the State of Colorado, In the Interest of L.J.P., a Child, Upon the Petition of the Weld County Department of Social Services, Petitioner-Appellant,
And Concerning L.G., Co-Petitioner-Appellee, and
J.L.P.L., Respondent-Appellee.
No. 99CA2009.
Colorado Court of Appeals, Div. V.
April 13, 2000.
*141 Bruce T. Barker, Weld County Attorney, Deborah K. Morrell, Assistant Weld County Attorney, Greeley, Colorado, for Petitioner-Appellant.
Kingsford Law, LLC, Ron A. Kingsford, Greeley, Colorado, for Respondent-Appellee.
Opinion by Judge ROTHENBERG.
The Weld County Department of Social Services, Child Support Enforcement Unit (Department), appeals the judgment affirming a magistrate's determination that the Department was obligated with L.G. (mother) to pay the costs for the genetic tests that determined that J.L.P.L. was not the father of L.J.P. (child). We affirm.

I.
The child was born in March 1996, and J.L.P.L. was named as the father on the birth certificate. After an order was entered in December 1998 requiring him to pay child support, J.L.P.L. obtained counsel, contested paternity, and requested genetic testing through the Department. Relying on directives contained in its staff manual, the Department refused to conduct the requested genetic testing because J.L.P.L. had acknowledged paternity and, therefore, was a presumed father under § 19-4-105(1)(e), C.R.S.1999. However, the Department did agree to cooperate with whatever commercial company that J.L.P.L. employed to conduct the genetic testing.
In April 1999, the genetic tests determined that J.L.P.L. was not the biological father of the child. Based on those test results, the magistrate granted J.L.P.L.'s request to require the Department and the mother jointly, as the nonprevailing parties, to pay for the costs of the genetic tests pursuant to § 19-4-117, C.R.S.1999. The Department sought review and the trial court affirmed the magistrate's order.

II.
The Department contends that it should not be held jointly liable for the costs of genetic tests to establish paternity. We disagree.
Initially, we note that the Department has not contended § 19-4-117 does not apply to them as a state agency. See C.R.A.H. v. P.M.M., 647 P.2d 239 (Colo.App.1981) (attorney fees were properly assessed under former version of statute against Department of Social Services and in favor of prevailing putative fathers in paternity action). Cf. In re Marriage of Vivens, 885 P.2d 301 (Colo. App.1994) (award of attorney fees against Department of Social Services was proper when it was not the prevailing party in wage assignment proceeding to collect child support debt). But see Smith v. Furlong, 976 P.2d 889 (Colo.App.1999) (costs may not be assessed against the state, its officials, or its agencies absent express legislative authorization permitting such awards).
The Department's only contention in this appeal is that it should not be liable for the costs of the genetic tests because both the mother and J.L.P.L. were responsible for the act giving rise to the initial presumption that J.L.P.L. was the biological father of the child; namely, the father's acknowledgement of paternity on the birth certificate. According to the Department, once there arose a presumption of paternity, the Department's regulations prevented it from paying costs. We are not persuaded.
*142 Section 19-4-117 provides that the court shall order costs of the action and pretrial proceedings, including genetic tests, to be paid by the parties in proportions and at times determined by the court. See S.F.E. ex rel. T.I.E., 981 P.2d 642 (Colo.App.1998) (attorney fees). Section 13-25-126(1)(b), C.R.S.1999, is consistent as to allocation of the responsibility for the costs of an initial test. See L.D.G. v. E.R., 723 P.2d 746 (Colo. App.1986).
Section 19-4-117 further provides that:
In any action brought pursuant to article 13 or 13.5 of title 26, C.R.S., the final costs of any genetic tests or other tests of inherited characteristics shall be assessed against the nonprevailing party on the parentage issue.
The record here shows that the Department commenced this action by issuing a notice of financial responsibility under the Colorado Administrative Procedure Act for the Establishment and Enforcement of Child Support, § 26-13.5-101, et seq., C.R.S.1999. As provided in § 26-13-105, C.R.S.1999, the Department represents the People of the state of Colorado and not the mother.
Accordingly, § 19-4-117 dictates that the trial court assess the costs of the genetic tests against the non-prevailing party or parties, here, the mother and the Department.
Notwithstanding the Department's regulations that instruct it not to pursue establishment of paternity when the alleged father's name is listed on the child's birth certificate, the statute does not provide an exception for cases in which paternity is presumed.
Further, the Department's policy and its argument seeking relief based upon equitable considerations, ignore the language of § 19-4-105(2)(a), C.R.S.1999, which plainly states that the paternity presumptions established by that section may be rebutted in an appropriate action.
Although a duly executed voluntary acknowledgment of paternity is considered a legal finding of paternity upon certain occurrences, such a finding may be challenged on the basis of fraud, duress, or mistake of material fact. Sections 19-4-105(2)(b) and 19-4-105(2)(c), C.R.S.1999. We also conclude the Department's argument is contrary to the public policy of encouraging parents to acknowledge their paternity voluntarily under appropriate circumstances.
Judgment affirmed.
Judge KAPELKE and Judge CASEBOLT concur.